## BROWN *v.* GEORGIA MINING, MANUFACTURING AND INVESTMENT COMPANY *et al.* .

1. A judgment of the superior court overruling exceptions of fact to a report made by an auditor in an equity case will not be disturbed by this court merely because of a conflict in the evidence introduced before the auditor; but such judgment will, when there was sufficient evidence to sustain the report, be upheld, unless it plainly appears that there was an abuse of discretion on the part of the trial judge in declining to approve the exceptions.
2. When in such case the judge overrules all the exceptions to the auditor's report, there is nothing to be passed on by a jury, and no verdict is necessary or proper. But while this is true, a mere error of practice in directing a verdict will not be treated as cause for a new hearing, when the verdict itself and the judgment entered thereon accomplish the same result as would have been reached by simply entering an order making the auditor's report the judgment of the superior court.

Argued December 21, 1898. — Decided February 11, 1899.

Exceptions to auditor's report. Before Judge Lumpkin. Fulton superior court. March term, 1898.

*John C. Reed*, for plaintiff in error.
*Bishop, Andrews & Hill, King & Anderson* et al., contra.

LUMPKIN, P. J. In the litigation arising over the distribution of the assets of the Georgia Mining, Manufacturing and Investment Company, of which Julius L. Brown was receiver, a controversy arose as to the amount of the compensation he should receive for his services in that capacity. This question, together with numerous others, was referred to an auditor, who, upon the evidence heard by him, found and reported that $300.00 per month was ample compensation to be allowed Mr.

Brown. This finding was supported by direct evidence. There was, on the other hand, quite an amount of evidence, consisting largely of the testimony of expert witnesses, to the effect that Mr. Brown was entitled to much higher remuneration. He presented numerous exceptions of fact to the auditor's report. In one of these it was complained that the auditor had omitted from his report a portion of the testimony of Thomas L. Bishop, a witness sworn before him. The other exceptions attacked the finding of the auditor as to amount, and alleged, in substance, that it was contrary to the evidence, unsupported by the evidence, and against the preponderance of the evidence. The judge overruled all the exceptions of fact, and directed the jury to find a verdict in effect sustaining the auditor's report. After this verdict had been taken, the judge entered a judgment in accordance with its terms. Mr. Brown thereupon brought the case to this court for review.

As to the exception relating to the testimony of Mr. Bishop, the record discloses that the court heard testimony on this subject and found as matter of fact that the auditor had correctly reported the testimony of this witness; and further, that even if the portion alleged to have been omitted were considered, the same should not affect the direction given to the case. There was abundant evidence to warrant the judge in concluding that the auditor's report required no amendment, so far as the testimony of Mr. Bishop was concerned.

1. The main and controlling question in the case is, whether or not the judge erred in overruling Mr. Brown's other exceptions of fact and in refusing to allow the same to be passed upon by the jury. This was an equity case, and we understand the law to be that, in such cases, the judge may, in a proper exercise of his discretion, approve exceptions of fact and then send the case to the jury, or disallow the exceptions and thus practically end the controversy. We do not mean to hold that a judge has the authority to arbitrarily overrule exceptions of fact, when it is palpable that the auditor's findings are unsupported by the evidence. To do so in such a case would amount to an abuse of discretion. On the other hand, in cases where the evidence before the auditor was conflicting, the judge's de-

termination to submit the questions at issue to a jury would not necessarily amount to a holding on his part that the auditor's findings were erroneous. Clearly, under our statute, a judge is not bound in every equity case, where the evidence before the auditor was conflicting, to allow the jury to pass upon exceptions of fact. This whole subject is thoroughly discussed in the carefully prepared opinion of Justice Lewis in the case of *Hearn* v. *Laird*, 103 *Ga.* 275, and therefore does not at this time call for further elaboration. As a conclusion deducible from the discussion therein presented, he observes that the law seems to leave much to the discretion of the judge, and adds: "If, upon examination of the auditor's report of the testimony, he discovers such conflict in the testimony that, in his judgment, the issue should be submitted to a jury, such discretion, unless abused, would not be interfered with by a court of errors. A decision allowing exceptions, and submitting issues of fact to a jury, might properly be reached, though the judge might not be prepared to say that the auditor erred, and though he had reached no definite conclusion on the subject himself. On the other hand, where there is sufficient evidence to support the auditor's rulings, and no error of law has been committed, this court will not reverse the judgment of the court below dismissing the exceptions and confirming the auditor's report."

It was earnestly insisted before us that the judge ought to have allowed the jury to pass upon Mr. Brown's exceptions of fact, because the claim for compensation which he set up was overwhelmingly supported by the testimony of expert witnesses. The reply is, that neither the auditor nor the judge was bound to accept as correct and be governed by the opinions of these witnesses. In this connection, see what is said with reference to testimony of this character in *Baker* v. *Richmond City Mill Works*, 105 *Ga.* 225.

2. The court did commit an error of practice. After overruling the exceptions of fact, there was no issue to be tried and the case should not have been submitted to the jury at all. Section 4595 of the Civil Code declares that exceptions of fact to an auditor's report shall, in equity cases, be passed upon by the jury when approved by the judge. In other words, the

jury are to pass upon them *only* when approved by the judge. Accordingly, the proper practice would have been to enter an order sustaining the auditor's report and making it the judgment of the superior court. The error just indicated amounted, however, to no more than a mere irregularity, and affords no cause for reversing the judgment rendered. Indeed, we understand the real complaint of the plaintiff in error to be an exception, not to the form, but to the substance of the action taken by the judge. Inasmuch as the result reached by directing a verdict which in effect sustained the auditor's report, and then entering a judgment in accordance with the verdict, was precisely the same as would have been reached by entering such a judgment without a verdict, we will allow what has been done to stand. In so doing, however, we have thought it proper to call attention to the practice which should be observed in such cases.

<div align="center">

*Judgment affirmed. All the Justices concurring.*