## SWEAT *v.* SWEAT

On the hearing of an application for "temporary alimony, including expenses
   of litigation," the judge may allow as counsel fees such sum as in his dis-
   cretion appears proper under all the facts and circumstances of the case,
   although there is no evidence before him fixing any amount as the value of
   the services rendered and to be rendered by the plaintiff's counsel

Submitted June 21, — Decided August 4, 1905.

   Application for temporary alimony.   Before Judge Parker.
Clinch superior court.   February 18, 1905.

   Lula E. Sweat brought suit for divorce against her husband, S.
A. Sweat, and, pending the suit, filed an application for an allow-
ance for temporary alimony and counsel fees.   The application
was submitted to the judge on affidavits for both parties, such
affidavits relating entirely to the conduct and character of the
husband.   There was no evidence before the judge as to the
husband's financial condition, but he admitted, in his answer to
the suit, that he was sheriff of Clinch county; that the income
from his office was from nine hundred to one thousand dollars a
year; that he had twelve shares of bank stock worth $1,200; and
that he owned real estate worth $2,500.   The judge allowed the
plaintiff $20 per month for her support and $75 counsel fees.
The defendant excepted.   The only contention made by the plain-
tiff in error in this court is, that, as there was no evidence of the

123   801
f127   785

123   801
f130   460

value of the services of the plaintiff's counsel, it was erroneous to allow any sum as counsel fees.

*S. C. Townsend, R. G. Dickerson, Toomer & Reynolds,* and *D. A. R. Crum,* for plaintiff in error.

*Wilcox & Johnson* and *Walter T. Dickerson,* contra.

COBB, J. The code provides that in applications for temporary alimony, " after hearing both parties, and evidence as to all the circumstances of the parties and as to the fact of marriage, the court shall grant an order allowing such temporary alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify." Civil Code, § 2457. The only requirement of the code is that the court shall hear evidence of the marriage and of all the facts and circumstances of the marriage before allowing temporary alimony, which shall include *expenses of litigation,* under which head fall counsel fees. The judge may hear the testimony of expert witnesses on the value of the services of the plaintiff's counsel. But is he bound to do this? Counsel fees are allowed as a part of the wife's maintenance, to enable her to litigate the questions at issue between herself and her husband, and are as necessary as an allowance for support. *Sprayberry* v. *Merk,* 30 *Ga.* 81. In *Campbell* v. *Campbell,* 67 *Ga.* 423, while there was evidence as to the value of the services of counsel, it was held that " the sums allowed for counsel fees and support pendente lite are dependent on the circumstances of the parties and the facts of the case. . . It is much in the discretion of the chancellor to fix fees and the amount needed for support." While the judge may hear the evidence of attorneys as to the value of the services of the plaintiff's counsel, he is not bound by such evidence, but may award a less amount than the services may appear therefrom to be worth. *Dicken* v. *Dicken,* 38 *Ga.* 663, 670. It has also been held that a jury is not bound absolutely by the testimony of an expert witness as to what would be reasonable attorney's fees in a given case. *Baker* v. *Richmond Works,* 105 *Ga.* 225. And that an auditor would likewise not be so bound. *Brown* v. *Ga. Min. Co.,* 106 *Ga.* 518. In Peyre v. Peyre, 79 Cal. 336, it was held: " The court may require the husband to pay to the wife temporary alimony and a reasonable attorney's fee; and no testimony is

necessary to determine what the amount of the fee should be. The court may determine what is a reasonable fee, from its own experience, and from the facts and circumstances of the case appearing before it; and may base the allowance on the ability of the husband to earn money, though it does not appear that he has money or other property with which to pay the amount allowed." To the same effect, see Llamosas *v.* Llamosas, 62 N. Y. 618. A different conclusion seems, however, to have been reached in Jeter *v.* Jeter, 36 Ala. 391, (7). See also Blair *v.* Blair, 74 Iowa, 311. The judges of the superior courts of this State are experienced and able lawyers. Before coming to the bench they were for years engaged in the practice. Doubtless most if not all of them participated in the trial of alimony cases. It would be strange if practicing lawyers were more capable of fixing counsel fees than the judges. Besides, as shown above, it has been expressly decided that the judge is not bound by the estimate placed by attorneys upon the services of their brother attorney in the particular case. Why require such evidence, if the judge can disregard it? The code requires that he shall examine into all the circumstances of the case. This would include the financial condition of the husband, the social position of the parties and their previous manner of living, and the needs of the wife. Evidence of these facts affords a sufficient basis for fixing an allowance for temporary alimony, which includes the expenses of litigation. We think that, under the language of the section of the code above quoted, the judge is not bound to hear expert evidence as to counsel fees. Whether the same rule would apply in a case heard before a jury we do not now decide. In the present case the judge could find that the defendant had an income of a thousand dollars a year, and owned property worth nearly four thousand dollars. Certainly it was not an abuse of discretion to allow seventy-five dollars as attorney's fees. The judge could well decide, without the aid of expert testimony, that the services of the plaintiff's attorneys were worth at least the sum he allowed them.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*