## PHILLIPS *v.* PHILLIPS.

When an application for temporary alimony, based on a pending libel for divorce, was heard anterior to the second verdict in the divorce case, and judgment was reserved, such judgment is not void though written out and filed the next day·after the last verdict in the divorce case was rendered. It is incompetent, on an issue formed on an illegality to an execution issued on such judgment, to collaterally impeach it by parol proof that another and different judgment was rendered when the alimony case was heard.

OCTOBER 20, 1916.

Affidavit of illegality of execution. Before Judge Thomas. Berrien superior court. January 8, 1916.

*J. P. Knight,* for plaintiff in error.

*E. K. Wilcox* and *J. A. Alexander,* contra.

EVANS, P. J. George W. Phillips instituted a libel for divorce against his wife, Lucy V. Phillips. The wife filed a cross-action, and asked for alimony, both temporary and permanent. After the plaintiff had obtained a first verdict in the divorce suit, the wife's application for temporary alimony was heard before the court in chambers. A second verdict was rendered in the divorce case, granting the plaintiff a total divorce, and finding against the wife's claim for alimony. On the day following the publication and entry of the second verdict, the court filed his judgment in the application for temporary alimony. The judgment was as follows: "The matter of awarding temporary alimony and attorney's fees in the above-stated case having been presented to me in due form, evidence submitted and argument had, and decision reserved until this day: whereupon it is ordered, adjudged, and decreed by the court that the defendant, Lucy V. Phillips, do have and recover of the plaintiff, George W. Phillips," etc. Execution was issued on this judgment and was levied. The defendant interposed an

affidavit of illegality, on the ground that the judgment on which the execution was based was void as having been rendered subsequently to two concurring verdicts granting to him a total divorce; that at the temporary alimony hearing, which occurred intermediate the first and second verdicts of divorce, the court rendered a judgment in favor of the husband, and refused alimony and attorney's fees to the wife; that no other petition for alimony had ever been filed or served upon the husband; and that no notice had been given to him of any motion to modify the judgment refusing alimony. On the trial of the issue thus made the defendant submitted in evidence the verdicts in the divorce case, the second of which was dated one day previous to the date of the judgment on which the execution is based, which is being resisted by affidavit of illegality. He also submitted testimony tending to show that the court had rendered a judgment in the alimony proceedings prior to the second verdict in the divorce case, and that the judgment was lost, and could not be found after diligent search. At the conclusion of the testimony the court directed a verdict for the plaintiff.

On the dissolution of the marital tie by two concurring verdicts granting a total divorce, the wife ceases to be a member of the husband's family as effectually as if she were dead. *Burns* v. *Lewis,* 86 *Ga.* 591 (13 S. E. 123). If the judgment for alimony had been rendered as based upon a hearing subsequent to the grant of a total divorce, then it would be void, for the reason that on the dissolution of a marriage by total divorce the wife is not thereafter entitled to alimony. But the judgment recites that the hearing for alimony was had previous to the second verdict, and decision was reserved until that day. Where a hearing is had upon proper pleadings and after due notice, and the court reserves his decision, and afterwards renders judgment in accordance with the reservation, the judgment relates back to the time of the hearing, and is not to be considered as one rendered upon a hearing occurring on the date that the judgment is actually filed. Whether such judgment be erroneous, because the final verdict in the divorce case intervened before it was reduced to writing and filed, is a matter for direct exception; the judgment can not be collaterally attacked for this cause. The plaintiff in error introduced testimony tending to show that another and different judgment was rendered on

the alimony hearing, which judgment had been lost; and he offered to prove its contents by his own testimony. If in point of fact a judgment was rendered in the alimony proceedings anterior to the second divorce verdict, but no record was made of it, it would have been permissible to establish such fact in an independent proceeding. It can not be shown collaterally by parol. The proceedings of a court of record are provable by its record. *Wood* v. *Wilson,* 145 *Ga.* 256 (88 S. E. 980). Accordingly the judgment in the alimony proceeding stood unimpeached, and there was no error in directing a verdict for the plaintiff, notwithstanding it may have appeared in the proof by parol that a judgment had been rendered refusing alimony, but that judgment was lost; it being not competent to show such fact by parol in a collateral proceeding.

*Judgment affirmed. All the Justices concur.*