### KILLINGSWORTH *v.* KILLINGSWORTH.

FISH, C. J. A husband brought an action for divorce upon the ground of cruel treatment. At the appearance term the wife filed an application for temporary alimony, including expenses of litigation, and attorney's fees. Upon the hearing at that term much evidence was submitted by both parties upon the merits of the action for divorce. The court granted an order allowing temporary alimony in a given sum from the date of the separation of the parties to the date of the hearing, and a monthly allowance at a stated rate from the date of the hearing "until the further order of this court," and a stated amount for attorney's fees, and for the costs of the hearing. Under this order temporary alimony was allowed from the date of the separation, and prior to the institution of the suit for divorce. The order was ex-

cepted to on the ground that the amounts allowed were excessive, and that the judge was not authorized to allow alimony for any time prior to the filing of the action for divorce, nor "until the further order of the court." *Held:*

1. In view of all the evidence submitted, it can not be held that the amounts allowed were excessive.

2. In view of the decision in *Wright* v. *Wright*, 117 *Ga.* 867 (45 S. E. 250), the judge was empowered to allow temporary alimony from the date of separation to the filing of the action for divorce. In that case, as appears from the bill of exceptions on file in this court, one of the assignments of error was that "the court had no authority to grant alimony for any period preceding the date of the filing of the petition for alimony." Another assignment was that "even if alimony in gross, or alimony for a period preceding the date of filing the petition therefor, can be legally allowed in this State, there appears in the plaintiff's petition no prayer therefor." No opinion was prepared in the case, but it was decided upon the following headnote: "It appearing that the husband and wife had separated in December, 1902, that the petition for alimony was filed in March, 1903, and that the hearing thereon was had in April, 1903, it was not error for the court, upon proper showing made, to order that the defendant pay to the plaintiff five dollars per month as alimony, 'said payments to be made as follows: twenty-five dollars within thirty days from this date, and thence after, five dollars on the first day of each and every month.' The provision for the payment of twenty-five dollars within thirty days from the date of the order was not an allowance of alimony in gross, but an order for the payment of alimony at a uniform rate from the date of the separation." That decision was rendered by six Justices, and is binding authority upon this court. A request to review and overrule it has been made in the present case; but upon consideration thereof, six Justices of the court as now constituted not being in favor of overruling that decision, it must be adhered to.

3. The judge could not legally order the payment of temporary alimony beyond the termination of the action for divorce, and therefore should not have ordered its payment "until the further order of the court." Doubtless the judge did not intend, in any event, to provide for the payment of alimony beyond the termination of the divorce suit, but had in mind the possible modification of his order pending the action. But, in order that the point may be clear, direction is given that the order be changed, so that it can not be construed as providing for the payment of alimony beyond the termination of the action for divorce.

*Judgment affirmed, with direction. All the Justices concur.*

No. 956. NOVEMBER 18, 1918.

Temporary alimony, etc. Before Judge Worrill. Clay superior court. March 30, 1918.

*E. R. King* and *L. M. Rambo,* for plaintiff in error.

*M. C. Edwards* and *Ben. M. Turnipseed,* contra.