## JONES *v.* JONES.

BECK, P. J. 1. There being errors assigned in this case which can be passed upon without reference to the evidence, the motion to dismiss the writ of error, on the ground that the evidence is not brought up in the record or in the bill of exceptions, is overruled.

2. On the hearing of an application for temporary alimony in vacation before the term of court to which the suit is returnable has arrived, it is error to pass an order striking a plea in abatement. *Thomas* v. *Thomas*, 145 *Ga.* 111 (88 S. E. 584).

3. Whatever may be the merits of the plea in abatement, it was not error for the court to grant temporary alimony and attorney's fees. The plaintiff was entitled to have the allowance made to her for her support pending the application for alimony and the determination of the suit to annul the marriage, and was entitled to have it also that she might have the means of contesting the suit to annul the marriage and to carry on her proceedings for alimony. There being no evidence in the record, the court can not pass upon the reasonableness of the amount allowed as temporary alimony.

4. While this court, after having held that it was error to strike the plea' in abatement, might also hold that all subsequent proceedings were nugatory, nevertheless, under the facts of this case, the court affirms the judgment allowing temporary alimony and attorney's fees, but directs that the plea in abatement be reinstated so that it may be regularly heard in term when the cause comes on for trial.

5. The supplemental bill of exceptions can not be considered in the case. It does not fall under the Civil Code, § 6149, which provides how additional record may be procured; and it can not be considered for the purpose of correcting or adding to the bill of exceptions duly signed by the judge; for when the judge signed the bill of exceptions he lost jurisdiction of it and could not change it. See *Jones* v. *Gill*, 121 *Ga.* 93 (48 S. E. 688); *Cartledge* v. *Ashford*, 148 *Ga.* 589 (97 S. E. 521).

*Judgment affirmed, with direction. All the Justices concur.*

No. 10042. APRIL 10, 1934.

712

*Thomas & Thomas* and *Holden & Smith,* for plaintiff in error.
*Bynum & Frankum,* contra.