## HOWELL v. HOWELL.

DUCKWORTH, Justice. On May 19, 1942, Henry H. Howell sued Mrs. Eleanor Smith Turner Howell, seeking a total divorce on the ground of cruel treatment and praying that she be restrained from residing in his home, going upon his premises, or otherwise molesting his person or his property. A restraining order was issued. On May 23, 1942, the wife filed her answer and cross-action, seeking divorce, alimony, and attorney's fees, and alleging cruel treatment. Rule nisi issued, directing the plaintiff to show cause, on May 30, why the defendant should not be granted temporary alimony and counsel fees, and directing the plaintiff to disclose on oath all the property and assets owned by him. On May 27, the husband filed suit to annul the marriage, on the alleged ground that the wife had procured a divorce decree from a former husband by fraudulently representing that she had resided within the State for a period of one year before the time her suit for divorce was filed. The petition set out the pendency of the divorce and alimony action, and prayed for judgment annulling the marriage, and for a restraining order enjoining the wife, her counsel, agents and servants from proceeding further with her cross-action for divorce, alimony, and attorney's fees. A restraining order was issued, and the rule nisi issued on the wife's petition for alimony and attorney's fees was vacated. On May 29, 1942, the wife filed an application to the court, praying for a dissolution of the restraining order issued in connection with the annulment action, and for a hearing on and grant of her application for temporary alimony and attorney's fees. On this application the court issued an order to the husband to show cause, on June 6, 1942, why the wife's prayers for temporary alimony and attorney's fees should not be granted, and ordering the husband to disclose at the hearing what property he possessed. Both parties were present at the time and place set for the hearing; and after hearing evidence offered by the wife, to the effect that she practiced no fraud in procuring a divorce from her former husband, that she was destitute, and that the husband owned property of the value of $5000 and was earning from $300 to $375 a month, the husband offering no evidence, judgment was entered awarding the wife temporary alimony of $50 a month and $50 attorney's fees, to which judgment the husband excepted. *Held*, that the evidence authorized the judgment awarding alimony and attorney's fees in the amounts allowed.

(*a*) The wife's statutory right to temporary alimony in proper proceedings for the purpose can not be defeated by an injunction issued in a subsequent action restraining her from prosecuting her claim.

(*b*) Whether or not the ex parte restraining order issued in connection with the annulment proceeding was valid, it is no legal obstacle to the judgment here complained of, since this judgment follows the application of the wife to dissolve that restraining order and to grant alimony as prayed in her cross-action in the divorce case.

*Judgment affirmed. All the Justices concur, except Hewlett, J., not participating.*

No. 14293. OCTOBER 14, 1942.

744

*Leon S. Tomlinson* and *W. G. Neville,* for plaintiff.
*Hinton Booth* and *Cohen Anderson,* for defendant.