### 19668. CLARK *v.* CLARK.

CANDLER, Justice. On the ground of cruel treatment, James Clark filed a suit for divorce in Chatham County against Helene Sophie Clark, a resident of Nice, France. Mrs. Clark answered the petition and denied all of its allegations respecting cruel treatment of the plaintiff by her. She also filed a cross-action and therein alleged that the separation between the plaintiff and herself resulted solely from his cruel treatment of her. She prayed that his application for divorce be denied; that she be awarded permanent alimony; that he be required to pay her a reasonable amount as attorney's fees for her use in defending his suit for divorce; and that she be granted such other and further relief as to the court seems meet and proper. The judge granted an order requiring the plaintiff to pay her $500 for attorney's fees, and there is no exception as to this. The jury granted the plaintiff a divorce, removed the defendant's disabilities and, as permanent alimony, awarded $300 per month for one year and $200 per month thereafter so long as she remains in life and unmarried. The verdict was rendered on February 1, 1957, and prior to the rendition of a decree on February 11, 1957, the defendant orally requested the court to award her $800 as expenses of litigation, this being the undisputed amount necessary for her transportation from Nice, France, to Savannah, Georgia, to defend the plaintiff's action and for her return to France. The decree in part recites: "The application to the court for expenses of litigation is denied," and the exception is only to that part of the decree. *Held:*

Conceding, but not holding, that funds expended by a wife in traveling to and from court for the purpose of defending her

husband's divorce action are allowable expenses of litigation, the court, in the circumstances of this case, did not err as contended in denying the defendant's oral motion for such expenses. It is recited in the bill of exceptions that the motion was made prior to the rendition of a final decree, but it does not appear from the record that it was made prior to the verdict granting a divorce; and it is well settled by numerous decisions of this court that a trial judge has no jurisdiction to entertain a motion for and grant an allowance for expenses of litigation after the marital relation between the parties has been dissolved and destroyed by a divorce verdict. *Phillips* v. *Phillips,* 146 *Ga.* 61 (90 S. E. 379); *Wise* v. *Wise,* 157 *Ga.* 814 (122 S. E. 210); *Luke* v. *Luke,* 159 *Ga.* 551 (126 S. E. 374); and *Harrison* v. *Harrison,* 208 *Ga.* 70 (65 S. E. 2d 173). In the *Phillips* case, supra, p. 62, it was held: "On the dissolution of the marital tie by two concurring verdicts granting a total divorce, the wife ceases to be a member of the husband's family as effectually as if she were dead. [Citation.] If the judgment for alimony had been rendered as based upon a hearing subsequent to the grant of a total divorce, then it would be void, for the reason that on the dissolution of a marriage by total divorce the wife is not thereafter entitled to alimony. But the judgment recites that the hearing for alimony was had previous to the second verdict, and decision was reserved until that day. Where a hearing is had upon proper pleadings and after due notice, and the court reserves his decision, and afterwards renders judgment in accordance with the reservation, the judgment relates back to the time of the hearing, and is not to be considered as one rendered upon a hearing occurring on the date that the judgment is actually filed." Accordingly, that part of the judgment here excepted to is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 9, 1957—DECIDED MAY 14, 1957—REHEARING DENIED JUNE 12, 1957.

*Aaron Kravitch,* for plaintiff in error.