### 20014.   HILL *v.* HILL.

HAWKINS, Justice.   On April 24, 1957, Arnau Hill filed in the Superior Court of Laurens County, Georgia, a petition against Maude Lu Kight Butler Hill, seeking divorce on the grounds of mental cruelty, and injunctive relief to restrain defendant from going about or molesting him.   On May 9, 1957, defendant filed her answer and cross-action, in which she denied the material allegations of the petition, and alleged that she was entitled to a divorce from plaintiff on the grounds of mental cruelty.   She prayed for alimony and support and expenses of litigation, and that certain real and personal property be awarded to her for said purpose.   On May 23, 1957, the court, after a hearing, denied defendant's prayer for temporary alimony and attorney fees, and restrained defendant from going about or molesting plaintiff.   On July 25, 1957, the court assigned the case for trial on July 31, 1957, during the appearance term of said case.   On July 31, 1957, plaintiff filed an agreement to try the case at the appearance term, and also a lump-sum temporary and permanent-alimony-settlement agreement, both of which were executed July 12, 1957.   The case was continued by the court until August 1, 1957, and came on for trial on that date based on said trial agreement.   Before announcing ready, counsel for defendant moved for a continuance on the grounds that it "is my information that Mrs. Hill is confined in the Macon Hospital in Macon, Georgia, and unable to attend court for the trial of this case"; and that he had no knowledge or notice that defendant had signed a consent agreement to try the case at the appearance term.   After a hearing, the motion was denied. Thereupon counsel for defendant made a motion for the court to grant him attorney fees before the case proceeded to trial, on the ground that a contract settlement of the alimony claim had been made and filed without his knowledge or consent, to which contract he was not a party.   After hearing evidence and argument thereon, the court denied the motion.   The case then proceeded to trial before a jury, and a verdict was rendered reading as follows: "We the jury find that sufficient proofs have been submitted to our consideration to authorize the granting a total divorce, that is to say a divorce à vinculo matrimonii, upon legal principles between the parties to this case.   And we also remove the disabilities of the defendant."

Decree was entered August 1, 1957, on the verdict of the jury, and recited in part: "The plaintiff herein shall have the right to remarry and the defendant shall also have the right to remarry. . . Alimony is hereby denied but the agreement entered into between the plaintiff and the defendant is allowed and made a part of this judgment and decree."

A motion for new trial on the general grounds was duly filed, and amended by adding four special grounds, complaining that the court erred: (1) In failing to grant the motion for continuance; (2) in failing to grant attorney fees on motion of counsel; (3) in charging that "the only issue in the case, gentlemen of the jury, for you to pass upon is whether or not Mr. Hill is entitled to a divorce upon the ground of cruel treatment as defined by law. You have heard his testimony why he wants a divorce at your hands, and this testimony on cruelty is uncontradicted in the terms of the law," because it tended to limit the jury to only the question of whether or not plaintiff was entitled to a divorce upon the grounds of cruel treatment, whereas the sworn answer of defendant denied all the material allegations of the petition, and the jury should have been instructed that they should consider whether or not either plaintiff or defendant was entitled to a divorce; and (4) in charging the jury that, if they found that the plaintiff was entitled to divorce, the verdict should be "we the jury find for the plaintiff a total divorce," and further if they thought the defendant was entitled to a divorce they should add to the verdict, "and we remove the disabilities of the defendant," because under the pleadings both parties could have been entitled to a divorce. The motion for new trial, as amended, was denied, and the exception is to that judgment. *Held:*

No evidence was offered by counsel for defendant to show that she denied, repudiated, or desired not to be bound by either the consent agreement to try the case at the appearance term or the lump-sum agreement in "complete settlement of alimony, both temporary and permanent." While counsel did move for a continuance because it "is my information that Mrs. Hill is confined in the Macon Hospital in Macon, Georgia, and unable to attend court for the trial of this case," he further stated to the court: "The last conversation I had was that she wanted the case tried; that she wanted alimony, and that she wanted me to have attorney's fees for my serv-

ices as her counsel"; and the uncontradicted evidence shows that she wanted to dispose of the case at the first term; that she did not want to attend court any more; and that she wanted a lump-sum settlement, which she received. As was said in *Harrison* v. *Harrison*, 208 *Ga.* 70 (2) (65 S. E. 2d 173), "attorney's fees in favor of the wife against the husband are not allowed as such, but as an intrinsic part of temporary alimony awarded for the purpose of enabling the wife to contest the issues between herself and her husband"; and where, as in this case, the trial judge denied temporary alimony, which was later settled by agreement of the parties, and a lump sum paid to the wife, counsel for the wife will now have to look to her for his compensation, since the "general rule is that fees for services rendered by an attorney must be paid by the person who employs him." *Harrison* v. *Harrison*, 208 *Ga.* 70 (1), supra. It is quite evident that the jury understood the charge of the court, and if there was any error in the charge, it was not harmful to the defendant, since the verdict and decree in effect granted the wife a divorce, this being all she sought by her cross-action after having accepted a lump sum "as full and complete settlement of any and all claims made in the past for temporary alimony and all claims now being made by me in my cross-action filed to original petition praying for temporary and permanent alimony," . . . and in "complete and final settlement and agreement as to any and all claims of any and every kind and nature that I might now have or ever have against the said Arnau Hill as the result of said marriage." See *Brown* v. *Brown*, 152 *Ga.* 463 (2) (110 S. E. 234); *Bowen* v. *Holland*, 184 *Ga.* 718, 721 (2) (193 S. E. 233). Accordingly, the trial judge did not err in denying the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 10, 1958—DECIDED APRIL 11, 1958.

*Wm. Malcolm Towson*, for plaintiff in error.

*Stephens & Hayes, Beverly B. Hayes, E. L. Stephens, Jr.*, contra.