23136. HEWLETT v. HEWLETT.

SUBMITTED SEPTEMBER 15, 1965—DECIDED SEPTEMBER 22, 1965.

*Wm. G. Grant, Florence Hewlett Dendy,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* contra.

CANDLER, Presiding Justice. The exception here is to that part of a final judgment awarding attorney's fees and expenses of litigation in a divorce and alimony suit. Respecting such exception, the record shows: During the trial of this suit and after the plaintiff had introduced her evidence, her counsel stated in open court that he wished to be heard on the question of additional attorney's fees and expenses of litigation which the plaintiff had incurred in the prosecution of her cause. Whereupon the court stated: "All right, we will let the record show that you're reserving that right and after the matter goes to the jury, then we will take that matter up." No hearing respecting an additional award of attorney's fees or expenses of litigation was requested or had after the jury retired and before a verdict for divorce and permanent alimony was rendered. The verdict granted a divorce between the parties and awarded permanent alimony to the wife and her minor children on June 11, 1965.

A final decree was entered in the cause on June 30, 1965. Such decree followed the verdict and also awarded $6,000 as additional attorney's fees and $442.35 as expenses of litigation which the plaintiff had incurred in the prosecution of her divorce and alimony suit. Query: In the circumstances of this case is the award of attorney's fees and expenses of litigation sustainable? We do not think so. The application for attorney's fees and expenses of litigation was not heard by the court prior to the rendition of a verdict granting a divorce between the parties and permanent alimony to the wife and her minor children, and it is the general rule as announced by numerous decisions of this court that a trial judge has no jurisdiction to award attorney's fees and expenses of litigation after the marital relation between a wife and her husband has been dissolved and destroyed by a divorce verdict. On dissolution of the marital tie by divorce, the wife ceased to be a member of the husband's family as effectually as if she were dead. For some of the many cases so holding, see *Harrison v. Harrison,* 208 Ga. 70 (2) (65 SE2d 173); *Clark v. Clark,* 213 Ga. 342 (99 SE2d 127); and *Hunnicutt v. Hunnicutt,* 214 Ga. 834 (108 SE2d 279). But it has been held by this court in *Phillips v. Phillips,* 146 Ga. 61 (90 SE 379), and *Luke v. Luke,* 159 Ga. 551 (126 SE 374), both of which are full bench decisions, that where an application for attorney's fees and expenses of litigation has been heard prior to a divorce verdict and the court reserves decision, and afterwards renders judgment in accordance with the reservation, the judgment relates back to the time of the hearing, and is not to be considered as one rendered upon a hearing occurring on the date the judgment is actually rendered. In both of those cases an application for attorney's fees was heard prior to a verdict granting a divorce, and the court, after the hearing, reserved jurisdiction for the purpose of passing on the motions until after verdicts granting divorces were rendered. In this case an application for additional attorney's fees and certain expenses of litigation was made by counsel for the wife prior to verdict and the court postponed a hearing on the application until the jury retired but not until after the rendition of a verdict granting a divorce. In these circumstances, we hold

that the general rule which divests the court of jurisdiction to hear and pass on an application for attorney's fees and expenses of litigation is applicable. But it is argued in the brief for defendant in error that the holding in *Crute v. Crute,* 208 Ga. 724 (69 SE2d 255) requires a ruling different from the one here made. We do not think so. There the application for an allowance of additional attorney's fees was not heard prior to the verdict as in *Phillips v. Phillips* and *Luke v. Luke,* supra, and in the absence of such a hearing prior to verdict, the judge could not hear and determine the application for attorney's fees after the verdict granting a divorce was rendered. The facts in *Crute's* case do not bring it within the exception to the general rule that attorney's fees must be allowed before a divorce is granted between the parties. The decision in *Crute* is therefore contrary to and in conflict with the prior unanimous rulings of this court in *Phillips v. Phillips* and *Luke v. Luke;* and being so, it is not here a controlling precedent.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*