23643. GRANTHAM v. GRANTHAM.

Submitted September 12, 1966—Decided October 6, 1966.

*Burt & Burt, Donald D. Rentz, H. P. Burt,* for appellant.
*Eugene C. Black,* for appellee.

Grice, Justice. Deletion of an award of attorney's fees from

a judgment in an action involving divorce, permanent alimony and other relief brought about this appeal.

This deletion was made in the judgment in a suit for divorce which had been filed by James Grantham against Mrs. Ruby Lee Grantham in the Superior Court of Dougherty County. In that suit the wife had filed an answer and cross action in which she prayed that the husband be denied a divorce, that she be awarded permanent alimony and his interest in certain real property, and that she have general relief. By amendment dated the same day that the jury verdict was rendered, the wife added a prayer that she be awarded a reasonable amount of attorney's fees. The judgment in the suit followed the jury's verdict, granting the divorce and awarding the wife specified installments of alimony and the husband's interest in the real property. It also ordered that the husband pay the wife a stated amount as attorney's fees.

During the term in which that judgment was rendered the husband filed in the same case a petition setting forth the above facts, reciting that the wife's defensive pleadings did not include a prayer for "temporary alimony, attorney's fees or any other temporary relief, of any kind and nature," that the court did not fix any attorney's fees or reserve the right to fix them, and praying that the award of attorney's fees be deleted from the judgment.

Thereupon, the trial court entered an order deleting the award of attorney's fees from the judgment.

This deletion, as we regard it, was necessary.

What was recently held by this court in *Hewlett v. Hewlett*, 221 Ga. 349 (144 SE2d 512) (one Justice not participating), applies here: "In a suit for divorce and alimony an order awarding attorney's fees and expenses of litigation after a verdict for divorce and permanent alimony has been rendered in the cause is utterly void where the court, as here, had not prior to such a verdict reserved jurisdiction of the case for the purpose of making such an award after verdict."

Here, prior to the verdict there had been no allowance of attorney's fees and no reservation of jurisdiction for such award after verdict. This factor alone rendered the award of attor-

ney's fees erroneous, and required deletion of such award from the judgment.

*Judgment affirmed. All the Justices concur.*