### 24043. McCURRY v. McCURRY.

Submitted April 12, 1967—Decided April 20, 1967— Rehearing denied May 4, 1967.

*Lee & Hitchcock, Sara L. Hitchcock,* for appellant.

*Smith, Gardner, Wiggins & Geer, M. M. Wiggins, Jr.,* for appellee.

Mobley, Justice. From a verdict and judgment awarding the

wife, appellee, a divorce, custody of the minor children, alimony for the wife and children and attorney's fees, the appellant appealed enumerating as error, first, the charge of the court that "in connection with awarding alimony, if you award any, the conduct or misconduct of the husband is a proper subject of inquiry in reaching a determination as to the amount to be allowed," secondly, that the verdict was without evidence to support it and contrary to the evidence and the law, and thirdly, the award of attorney's fees.

■ It is well established by decisions of this court that the jury is not authorized to consider the conduct or misconduct of either party in a suit for alimony as to the question of the amount of alimony. *Harper v. Harper,* 220 Ga. 770 (141 SE2d 403); *Hall v. Hall,* 220 Ga. 677 (2) (141 SE2d 400); *Fried v. Fried,* 211 Ga. 149, 152 (84 SE2d 576); *Robertson v. Robertson,* 207 Ga. 686 (1, a) (63 SE2d 876). See *Code* §§ 30-201, 30-203; *Code Ann.* § 30-209 (Ga. L. 1966, p. 160). The ruling in *Smith v. Smith,* 167 Ga. 98 (3) (145 SE 63) to the contrary is by a divided court and is not binding on this point. The purpose of alimony is to provide support for the wife and minor children, the amount to be determined from consideration of her needs and the husband's ability to pay. *Robertson v. Robertson,* supra. It is never for the purpose of penalizing the husband or the wife for his or her misconduct.

There was considerable evidence of gross misconduct by the husband of appellee to the effect that he had beaten her, threatened to kill her and the children, poured hot coffee on her and perpetrated other physical and mental abuses upon her. In view of such evidence, the charge was clearly harmful and constitutes "a substantial error in the charge which was harmful as a matter of law." *Code Ann.* § 70-207 (c) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498). Although no exception was made to the charge during the trial, the error is reviewable by this this court under the foregoing section of the statute which states: "Notwithstanding any other provision of this section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not."

We find nothing in other portions of the charge on this question to cure the erroneous charge. In fact, the judge charged in several paragraphs preceding the above quoted charge that the jury could consider "the conduct of the husband" in determining the amount of alimony. After the charge complained of the judge charged that "the amount of alimony to be allowed the wife, if any, should not be determined solely on the basis of the wrongs inflicted by the husband" and "[a]limony is not punishment against the husband . . . [t]here is no such rule that the greater the wrong inflicted on the wife by the husband, the more liberal the award of alimony should be. Determination of an award of alimony should be limited to the evidence regarding the needs of the wife and the minor children and the husband's ability to pay." At best, the charge is utterly confusing as to whether conduct of the husband can be considered. The use of the word "solely" would indicate consideration of the husband's conduct is permissible but that other matters should be considered. The last quoted sentence in the charge appears to be in direct contradiction to that preceding it. The confusion is not removed.

The trial court erred in giving this charge to the jury.

■ The verdict awarding appellee a divorce on the ground of mental cruelty and alimony was authorized by the evidence. The conduct of appellant, pointed out in Division 1, is sufficient to support the verdict for divorce on the ground of mental cruelty and a finding that appellee is entitled to alimony. The court did not abuse its discretion, under the circumstances in this case, in awarding custody of the minor children to appellee.

But in view of the erroneous charge as to the amount of alimony, the verdict is contrary to law, and a new trial on this issue is ordered. *Code* § 6-1610; *Fried v. Fried,* 208 Ga. 861 (5) (69 SE2d 862); *Mell v. Mell,* 190 Ga. 508 (2) (9 SE2d 756); *Holcombe v. Jones,* 197 Ga. 825 (6) (30 SE2d 903); *Powell v. Augusta & S. R. Co.,* 77 Ga. 192 (13, 14). (3 SE 757); *Phosphate Min. Co. v. Atlanta Oil &c. Co.,* 20 Ga. App. 660 (11) (93 SE 532). The verdict and decree awarding a divorce and custody of the minor children to appellee and the right to alimony stands.

■ Upon request of plaintiff's attorney, the court granted a hearing and heard evidence on the question of attorney's fees prior to the rendition of the verdict. The court reserved decision on the question of attorney's fees until after the verdict granting the divorce. By its order of August 30, 1966, the court granted a divorce for plaintiff pursuant to the verdict rendered on July 12, 1966, awarded her custody of the minor children, and attorney's fees. This ruling was proper under the decisions of this court in *Grantham v. Grantham*, 222 Ga. 577, 578 (151 SE2d 129); *Hewlett v. Hewlett*, 221 Ga. 349 (144 SE2d 512); *Luke v. Luke*, 159 Ga. 551 (126 SE 374); *Phillips v. Phillips*, 146 Ga. 61 (90 SE 379). Where there has been an application for attorney's fees, a hearing thereon prior to the verdict for a divorce, and the judge has reserved decision on the question until after the verdict, an award of attorney's fees after the verdict is not invalid simply because it was made after the verdict granting a divorce. His award relates back to the time of the hearing although made subsequent to the divorce verdict.

*Judgment affirmed as to the divorce, custody of minor children, the right to alimony, and the award of attorney's fees; judgment reversed as to the verdict awarding alimony with direction for a new trial solely on the issue of the amount of alimony. All the Justices concur.*