## 28216. SHEPHERD v. SHEPHERD.

ARGUED SEPTEMBER 14, 1973 — DECIDED OCTOBER 5, 1973 — REHEARING DENIED OCTOBER 25, 1973.

*John C. Tyler,* for appellant.
*William H. Whaley, Glenville Haldi,* for appellee.

MOBLEY, Chief Justice. Gail Adams Shepherd brought a complaint in DeKalb Superior Court against Charles R. Shepherd for temporary and permanent alimony alleging that they were married on August 5, 1972, and that her husband forced her to live

separate and apart from him on October 13, 1972.

After a hearing, the trial judge granted temporary alimony to the wife, and the husband appeals from this order.

1. The first two errors enumerated are the quashing of the subpoena issued and served upon Susan Epps, the eight-year-old daughter of the wife, and the subpoena issued and served upon Mrs. Epps, the mother of the former husband of the wife. A showing was made as to the child that she was in school, her custody was not in dispute in the proceedings, and she had no information concerning the matters at issue. As to Mrs. Epps, a showing was made that a close member of her family had died in Warner Robins and she desired to go there and remain until after the funeral, her deposition had recently been taken, and is available to the husband, and she knows nothing further about the cause than the testimony given on her deposition.

The trial judge did not abuse his discretion in quashing the subpoenas.

2. The third enumerated error is the overruling of the motion to continue by the husband, because of the absence of several witnesses. The judge proceeded with the hearing as to the witnesses present, leaving the case open for further hearing. All of the other witnesses were present at the later hearing except Otis Dixon, and it appeared that he could not be located.

The trial judge did not abuse his discretion in refusing the motion for continuance.

3. The fourth enumerated error contends that the court erred in overruling the husband's motion to stay. This motion asserted that the husband had filed an annulment action against his wife, on the same date that the alimony suit was filed, alleging that the marriage between the parties was void or voidable, and that the issue as to the validity of the marriage should be determined before any hearing was held on the issue of alimony.

The wife has need of support during the pendency of the annulment case, and it was not error to refuse to postpone the application for temporary alimony until the annulment case was concluded. Compare *Jones v. Jones,* 178 Ga. 710 (3) (174 SE 338); *Howell v. Howell,* 194 Ga. 743 (22 SE2d 506).

4. The fifth enumerated error contends that the court erred in finding as a matter of fact that there was a valid marriage between the parties.

The fact of the marriage of the parties is a matter to be determined in the hearing on temporary alimony. Code § 30-202.

The determination of this issue in a temporary alimony hearing is not binding on a jury in a subsequent annulment trial.

The husband contended that the wife had cohabited with her former husband in a common law marriage relationship after obtaining a divorce from her former husband, and that this common law marriage had not been dissolved at the time he entered into a ceremonial marriage with her.

There was no direct evidence at the alimony hearing that the wife had entered into a common law marriage with her former husband after their divorce. The appellant husband testified that his wife had made statements to him about living with her former husband after their divorce. He introduced evidence that after her divorce from her former husband she had charged items to her former husband's accounts, he had helped her borrow money, and they had retained a joint bank account. There was other similar circumstantial evidence which might indicate that she and her former husband lived together after their divorce.

The trial judge did not abuse his discretion in finding that the evidence did not conclusively show that the appellee's marriage to the appellant was void because of an undissolved common law marriage of the wife.

5. The sixth enumerated error asserts that the court erred in awarding $5,000 to the wife as reimbursement for legal expenses and fees paid by her in a different case brought in a different jurisdiction, which case terminated prior to the filing of complaint for temporary and permanent alimony.

Code § 30-202 authorizes the trial judge, whenever an action for divorce or a suit for permanent alimony is pending, to grant temporary alimony, including the expenses of litigation. The expenses of litigation referred to are those incurred in the divorce or alimony action. If attorney fees were properly recoverable in the litigation in Fulton County, the wife should have obtained such fees in that case.

The trial judge erred in requiring the husband in the present alimony action to reimburse the wife for $5,000 paid to attorneys in previous litigation between the parties in another court.

6. The remaining enumerated errors assert that the judge abused his discretion in granting temporary alimony of $200 per week, $750 as reimbursement for moving expenses of the wife, $750 as alimony from the date of the separation until the date of the hearing, and $5,000 as attorney fees to the date of the hearing in the alimony case. The husband argues that this award was grossly

excessive in view of his income and financial ability.

The husband testified that: He earns a salary from two corporations in excess of $60,000 per year. His home is owned by the corporations and he pays approximately $275 per month as rent. After the deduction of rent "and things of that type," his net salary is from $1,250 to $1,500 per month. He is furnished an automobile by the corporations, for which the expenses are paid. He owns one automobile in his own name. He owns no real estate, stocks, or bonds, and does not have any savings account. He owes the corporations an indebtedness, which was originally $72,000, and on which some amount has been paid. There is a judgment against him and a corporation in the amount of $1,196,000. He has some claims with which he hopes to offset this judgment.

"The court has a discretion as to the sum allowed for counsel fees, even where there is no evidence as to the value of services rendered." *Ogletree v. Ogletree,* 169 Ga. 366 (150 SE 167); *Hobbs v. Hobbs,* 158 Ga. 571 (2) (123 SE 891); *Proctor v. Proctor,* 224 Ga. 450 (2) (162 SE2d 398).

The trial judge is empowered to allow temporary alimony from the date of the separation to the date of the hearing. *Killingsworth v. Killingsworth,* 148 Ga. 590 (2) (97 SE 539); *Hobbs v. Hobbs,* 158 Ga. 571 (4), supra.

It appears from the evidence that the husband and wife enjoyed a very comfortable living standard while they were married, and that he still maintains such a standard for himself. His explanation of how his net monthly income is only $1,250 to $1,500, with a salary of over $60,000 per year, is vague and indefinite. It does not appear that his indebtedness must be paid immediately.

Unless there is a flagrant abuse of discretion by the trial judge, an award of temporary alimony will not be reversed. *Hewlett v. Hewlett,* 220 Ga. 656 (2) (140 SE2d 898). There was not such an abuse of discretion in the present case in the grant of temporary alimony, including attorney fees for representing the wife in the alimony case.

*Judgment affirmed in part; reversed in part. All the Justices concur.*