## 29126. BRADLEY v. BRADLEY.

UNDERCOFLER, Justice.

This is a divorce and alimony suit. The husband-defendant appeals the trial court's judgment awarding attorney fees and the household furnishings to the wife. *Held:*

1. The husband contends that the trial court had no authority to award attorney fees after a verdict for divorce by the jury. We find no error in the award. Although neither an application for attorney fees nor a hearing thereon may be filed or heard after a divorce verdict (*Phillips v. Phillips,* 146 Ga. 61 (90 SE 379); *Wise v. Wise,* 157 Ga. 814 (122 SE 210); *Luke v. Luke,* 159 Ga. 551 (126 SE 374); *Harrison v. Harrison,* 208 Ga. 70 (65 SE2d 173); *Clark v. Clark,* 213 Ga. 342 (99 SE2d 127)), the judge may reserve judgment on such an application until after verdict when such application is filed prior to verdict.

The trial court did not determine after the verdict that further evidence as to the amount of attorney fees was necessary. He made the award based upon the evidence presented during the divorce proceeding. This court stated in *Sweat v. Sweat,* 123 Ga. 801, 803 (51 SE 716): "The judges of the superior courts of this State are experienced and able lawyers. Before coming to the bench they were for years engaged in the practice. Doubtless most if not all of them participated in the trial of alimony cases. It would be strange if practicing lawyers were more capable of fixing counsel fees than the judges. Besides, as shown above, it has been expressly decided that the judge is not bound by the estimate placed by attorneys upon the services of their brother attorney in the particular case. Why require such evidence, if the judge can disregard it? The code requires that he shall examine into all the circumstances of the case. This would include the financial condition of the husband, the social position of the parties and their previous manner of living, and the needs of the wife. Evidence of these facts affords a sufficient basis for fixing an allowance for temporary alimony, which includes the expenses of litigation. We think that, under the language of the section of the code above quoted [now Code § 30-202] the judge is not bound to hear expert evidence as to counsel fees."

The trial court properly reserved judgment on attorney fees and awarded attorney fees in this case based on the evidence presented at the divorce hearing. *Shepherd v. Shepherd,* 231 Ga. 257, 260 (200 SE2d 893); *Ogletree v. Ogletree,* 169 Ga. 366 (150 SE 167); *Hobbs v.*

*Hobbs,* 158 Ga. 571 (2) (123 SE 891); *Proctor v. Proctor,* 224 Ga. 450 (2) (162 SE2d 398).

2. In her complaint for divorce the wife prayed that she be awarded the home of the parties and the household furniture. The evidence showed that the wife lived in the home with their two minor children and her sister. The evidence shows that there was an indebtedness of $1,000 due on the household furniture. The jury in making its award stated that the wife was to assume the remaining liability due on the loan but did not specially award the wife the furniture and furnishings. In its judgment the trial court awarded the furniture and furnishings located in the home to the wife. The appellant contends that the trial court had no authority to award the furniture and furnishings to the wife since the jury had not specifically done so. We do not agree.

"Verdicts shall have a reasonable intendment, and shall receive a reasonable construction. . ." Code § 110-105. "The superior court may, in a proper case, mould the verdict so as to do full justice to the parties. . ." Code § 110-106. "A verdict may be amended in mere matter of form after the jury have dispersed; but . . . it may not be amended in matter of substance . . ." Code § 110-111. "A superior court shall have full power to mould its decrees so as to meet the exigencies of each case . . ." Code § 37-1203.

Under the facts of this case, the final judgment did not amend the verdict of the jury in a matter of substance and the superior court was authorized to enter the judgment. *Moon v. Moon,* 222 Ga. 650 (151 SE2d 714).

*Judgment affirmed. All the Justices concur.*

Submitted September 9, 1974 — Decided October 1, 1974 — Rehearing denied October 25, 1974.

Louie D. Bradley, *pro se.*

*Mildred L. Kingloff, Ernest D. Brookins,* for appellee.

On Motion for Rehearing.

One of the issues presented for determination by this

court was whether an application for attorney fees was made prior to the jury's verdict granting a divorce. In deciding this issue, this court considered the supplemental transcript of the record. The movant contends that this court erred in considering this transcript of the record because it did not comply with Code Ann. § 6-805 (f) (Ga. L. 1965, pp. 18, 24). The movant contends that since the parties were unable to agree on what transpired in the trial court that the trial court should have "set the matter down for a hearing with notice to both parties, and resolve[d] the difference so as to make the record conform to the truth." Code Ann. § 6-805 (f). The movant contends that he did not have notice of any hearing on the matter. However, the movant overlooks the next sentence of this Code section which provides: "If anything material to either party is omitted from the record on appeal or is misstated therein, the parties by stipulation, or *the trial court, either before or after the record is transmitted to the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected,* and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court." (Emphasis supplied.)

The trial judge in his findings of fact and conclusions of law stated: "I was the trial judge in the above entitled matter and have reviewed the transcript of the proceedings had herein as well as my trial notes. Based thereon, and upon my independent recollection of the facts herein, I find as follows: That at a side bar conference in which the respective attorneys and the Court participated, the attorney for the plaintiff reserved attorney fees, which reservation was joined in by the defendant's attorney with the Court granting leave to the plaintiff to make such reservation. Conclusions of Law. The record shall reflect that there was a reservation of attorney fees herein." The trial judge directed that the superior court clerk include these findings of fact and conclusions of law in its correction of the record. Therefore, this court properly considered the correction of the record made by the trial court.

The movant's motion based on this ground is

therefore without merit.