## 30539. HAGSTROM v. HAGSTROM.

HALL, Justice.

This appeal is brought by Hagstrom, husband in a divorce action, from an order of the trial court relating to attorney fees for wife's attorney (hereinafter designated "Attorney"). Attorney had represented wife during most of the negotiations leading to the divorce, but near the end, in one or more telephone calls, he had not showed himself willing to move to finalize the matter by a date by

which the parties desired to conclude it. Further, wife testified at the hearing preceding the order appealed from that Attorney at that time refused to tell her what his fee would be, though Attorney testified that it was no secret that he wanted a fee of $2,000 for services rendered. Desiring to proceed with matters, wife discharged Attorney, reached an agreement with her husband by which, among other matters, each party undertook to be responsible for his or her own attorney fees, and on that basis a final divorce was granted March 21, 1975 and the agreement was made a part of the judgment of the court.

Following the final decree but within the same term of court, Attorney petitioned the trial court to order Hagstrom to pay him $2,000 and presumably to make that order a part of the divorce decree. After holding a hearing on the matter, the trial court ruled in favor of Attorney, and this is husband's appeal.

In seeking a $2,000 fee to be assessed against the husband in the trial court, Attorney cited and relied upon *Head v. Aycock,* 116 Ga. App. 739 (158 SE2d 685) (1967) and *White v. Aiken,* 197 Ga. 29 (28 SE2d 263) (1943), neither of which is authority for the result he seeks. In *Head v. Aycock,* supra, involving divorce and alimony, the attorney was discharged by his client, the wife, and unsuccessfully sought relief in the trial court asserting that he could not be discharged without being paid. The Court of Appeals, affirming the judgment, noted that he was fully protected by the trial court's order upholding the discharge but reserving to the conclusion of the case the question of any additional fee to which he might be entitled. This appeal by the former husband is easily distinguished from *Head,* in which the court ruled in effect that the appellant-attorney had nothing to complain of.

Though the court in *Head* quoted some language from *White v. Aiken,* supra, to the effect that the court should "ordinarily" permit a client to discharge his attorney only after an order or other provision has been made protecting the attorney's claim, this language does not apply to a divorce and alimony claim. *White* involved a suit for an accounting (*Aiken v. White,* 69 Ga. App. 717 (26 SE2d 471) (1943)), and its ruling is based on the "attorney's lien" law embodied in Code Ann. § 9-613 (2).

That Code section has no application to matters of alimony and counsel fees. *Keefer v. Keefer,* 140 Ga. 18 (1) (78 SE 462) (1913). Indeed, the following headnote from *Keefer* is authority against Attorney's position here: "Where a wife brought suit against her husband, alleging a permanent separation on account of misconduct on his part, and praying for permanent alimony and for an allowance as temporary alimony and counsel fees, and pending the case, but before the allowance of temporary alimony or counsel fees, the parties adjusted their differences and resumed cohabitation and desired that the case be dismissed, it was proper to enter an order of dismissal, and to refuse to permit the attorneys for the wife to intervene and become parties to the case, or to render a judgment in that proceeding for attorney's fees."

Moreover, direct authority for our ruling adverse to Attorney is *Hill v. Hill,* 214 Ga. 112 (103 SE2d 105) (1958) where an attorney representing wife moved for attorney fees before allowing the case to proceed, because he knew his client had agreed with her husband to accept a lump-sum settlement and the attorney had been omitted from the contract settling the alimony dispute. The trial court denied the attorney's claim and this court affirmed, saying, ". . . where . . . the trial judge denied temporary alimony, which was later settled by agreement of the parties, and a lump sum paid to the wife, counsel for the wife will now have to look to her for his compensation, since the 'general rule is that fees for services rendered by an attorney must be paid by the person who employs him.' " Id. p. 114.

"[N]either an application for attorney fees nor a hearing thereon may be filed or heard after a divorce verdict, [although] the judge may reserve judgment on such an application until after verdict when such application is filed prior to verdict." *Bradley v. Bradley,* 233 Ga. 83, 84 (210 SE2d 1) (1974). Such an order is "utterly void," even if rendered within the same term of court. *Grantham v. Grantham,* 222 Ga. 577, 578 (151 SE2d 129) (1966). The same rule applies to non-jury divorce trials. *Jones v. Jones,* 221 Ga. 284, 285 (144 SE2d 388) (1965).

Under these authorities, the trial court in the instant

case was without authority to alter the fee arrangement and thus nullify important provisions of the contract reached by husband and wife which had been made a part of their final divorce decree. Husband's motion to dismiss Attorney's petition should have been granted, and the order appealed from is vacated. Attorney must look to his client to pay his fee.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 25, 1975 — DECIDED JANUARY 8, 1976.

*Dan E. McConaughey, John W. Hinchey,* for appellant.

*Russell G. Turner, Jr.,* for appellee.