NATHANIEL E. GARDNER, plaintiff in error, vs. MAGARET A. E. GARDNER, defendant in error.

Where, upon a petition filed by the wife against the husband for permanent alimony for herself and daughter, it appeared that the latter had provided for the support and education of his child until she was twenty-one years of age, and that his estate was small, the allowance of $40 00 per month as temporary alimony, was excessive. The amount should be reduced to $20 00 per month. If the wife is able to to contribute to her support, she will be expected to do so.

Husband and wife. Alimony. Before Judge RICE. Gwinnett county. At Chambers. June 26th, 1875.

A report of this case is deemed unnecessary.

PEEPLES & HOWELL, for plaintiff in error.

THRASHER & THRASHER, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant, under the provisions of the 1747th section of the Code, in which the complainant alleges that she has been compelled to separate from her husband on account of his cruel treatment, with a prayer for the allowance of alimony for the support of herself and child, and payment of counsel fees. On hearing the defendant's answer, and the various affidavits of the respective parties contained in the record, the presiding judge ordered the defendant to pay, for the use of herself and child, as temporary alimony, the sum of $40 00 per month, to be paid monthly, and the further sum of $100 00 for counsel fees, to which order the defendant excepted. It appears from the evidence in the record, that the defendant has provided for the ample support and education of his child until she is twenty-one years of age, by the conveyance of property to a trustee for that purpose. In view of the condition of the parties as disclosed by the evidence in the record, and in view of the fact that the defendant has made provision for the support

of his child out of his property, the allowance of $40 00 per month for the support of the defendant's wife was, in our judgment, too much. Courts cannot well be too cautious in allowing temporary alimony and counsel fees in this class of cases, so as not to encourage the separation of husband and wife from mere mercenary considerations. If the complainant is able to contribute towards her own support, she will be expected to do so, and not sit down and fold her hands and depend *exclusively* upon the labor of her husband and the income of his small estate, to support her in idleness. Such is not the policy of the law. In view of the facts of this case as disclosed in the record, we reverse the judgment allowing $40 00 per month for temporary alimony, and direct that the order of the court be so far modified as to allow the complainant only $20 00 per month for temporary alimony. Let the judgment be so entered.

Judgment reversed.