21740. THOME v. THOME.

Submitted September 11, 1962—
Decided October 4, 1962.

*Drennan & Brannon, John L. Westmoreland, John L. West-moreland, Jr.,* for plaintiff in error.

*Russell G. Turner, Sr.,* contra.

Grice, Justice. Where the husband obtains a divorce in a proceeding valid upon its face and the defendant in that suit moves to set aside the judgment for fraud, may she be awarded temporary alimony and interlocutory relief pending her motion?

The question arises from the motion filed by Mrs. Lillian Bush Thome against Dr. Jowell Willhelm Thome in the Superior Court of Fulton County, Georgia, seeking to set aside the divorce judgment entered in his favor. Her motion alleged that he obtained the judgment through fraud, namely, that the parties had never separated and ceased living together as husband and wife, that he had continually assured her that he would not proceed with the pending divorce action and it was therefore not necessary for her to defend it, that she relied upon his assurances and did not defend, and that she did not know, until afterwards, that such judgment had been obtained by his wilful misrepresentations and conduct. Her motion prayed that such judgment be set aside, that she be permitted to file defensive pleadings to the divorce petition, that he be restrained and enjoined from removing or forcing her from their home and from changing the status of his property pending disposition of the motion, and for general relief. Subsequently, she filed an answer to the divorce petition denying its material allegations, asking that Dr. Thome be denied a divorce, and seeking temporary and permanent alimony for herself and their child and counsel fees as expenses of the litigation. Dr. Thome interposed both an answer and a motion to dismiss her motion.

Subsequently, after arguments on the question of granting

the relief, and without hearing any evidence, the trial court ordered "that the prayers of the movant, Lillian Bush Thome, for interlocutory relief and temporary alimony are hereby denied." Contending that such ruling was an abuse of discretion, movant assigned error upon it here.

For the purpose of appraising this contention it may be conceded that the facts alleged in the motion to set aside the divorce judgment for fraud would ordinarily be sufficient, that those alleged in the later answer to the divorce petition would ordinarily authorize temporary alimony, attorney's fees and interlocutory relief pending the divorce action, and that upon proper application it would ordinarily be error for a trial court to deny such relief sought.

But what is controlling here, and adversely so to plaintiff in error, is the fact that the divorce judgment complained of dissolved her marriage so that she ceased to be the wife of Dr. Thome.

Her right to the alimony, attorney's fees and interlocutory relief sought depends upon her present—not past or future— status of *wife,* as is manifest from our alimony statutes. See, particularly, *Code* §§ 30-201—30-203. Alleging fraud does not reconstitute movant the wife of Dr. Thome. Until she establishes that fraud by proof upon the trial and the divorce judgment is actually set aside, she lacks the standing required by our laws for the relief she seeks. As matters now stand there is no *pending* action for divorce or permanent alimony as is required by *Code* § 30-203, supra, for the grant of temporary alimony or the other relief prayed by her.

The situation here is similar in this respect to that in *Summers v. Summers,* 212 Ga. 614, 615 (94 SE2d 725). There an award of alimony for a child and attorney's fees was held void where the jury, by the same verdict, refused to set aside a divorce decree upon motion of the former wife. In so holding this court said: "As long as the divorce decree remains of force and effect a court of equity or law is powerless to award temporary or permanent alimony for the support of the child," and for the same reason attorney's fees could not be awarded.

The facts here are different from those in *Gates v. Gates,* 197

Ga. 11, 18 (28 SE2d 108). There the judgment was void upon its face since lack of jurisdiction to grant it affirmatively appeared, and therefore could "be disregarded without its first being formally canceled by a judgment of the court." Under those circumstances, of course, the moving party could proceed to obtain temporary alimony and other relief pending the litigation.

Accordingly, we hold that the effort to obtain temporary alimony, counsel fees and interlocutory relief at this stage was premature and their denial was proper.

*Judgment affirmed. All the Justices concur.*