## 28099. TRUSLOW v. TRUSLOW.

SUBMITTED JULY 20, 1973 — DECIDED SEPTEMBER 5, 1973.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Jr.,* for appellant.

*Jean E. Johnson, Jr., Albert E. Jones,* for appellee.

MOBLEY, Chief Justice. Marion A. Truslow obtained a divorce decree against Mattie Ruth Manus Truslow, in which an alimony judgment was entered in accordance with an agreement of the parties.

Mrs. Truslow brought an action to vacate and set aside this judgment and decree, alleging that she was mentally incompetent at the time she executed the agreement and while the divorce proceedings were pending. She prayed for attorney fees to prosecute this action.

After a hearing on the matter, and an oral announcement by the trial judge that the decree and judgment would be set aside, Mr. Truslow dismissed his divorce action.

Prior to the entry of a written order in the action to set aside the divorce decree, Mrs. Truslow filed a motion for the allowance of attorney fees. Mr. Truslow moved that this motion be dismissed, on the ground that no action was pending in which temporary alimony could be granted. This motion was denied.

In the final order vacating and setting aside the divorce decree the trial judge allowed the sum of $1,760 as attorney fees for the representation of Mrs. Truslow in that action.

Mr. Truslow appeals from that portion of the order allowing attorney fees, and from the denial of his motion to dismiss the motion for attorney fees.

Where a marriage has been dissolved by a divorce decree valid on its face, the former wife has no right to attorney fees, an intrinsic part of temporary alimony, in her action to set aside the divorce decree, since the right to temporary alimony rests upon an existing conjugal relation. *Harrison v. Harrison,* 208 Ga. 70 (2) (65 SE2d 173); *Thome v. Thome,* 218 Ga. 359 (127 SE2d 916).

The trial judge therefore erred in refusing to dismiss the motion for attorney fees, and in granting attorney fees in the judgment setting aside the divorce decree.

No attack was made on any part of the judgment

setting aside the divorce decree except that portion allowing attorney fees, and the remainder of the judgment will remain in effect.

*Judgment affirmed in part; reversed in part. All the Justices concur.*