## 29671. THOMAS v. THOMAS.

INGRAM, Justice.

The husband appeals from a final divorce decree entered on November 27, 1974, after a jury trial in the Superior Court of Lee County. The husband brought a complaint for divorce on the ground that the marriage was irretrievably broken and the wife filed an answer and counterclaim seeking a divorce on the ground of cruel treatment. The jury found for the wife on her counterclaim and awarded her the family home and furnishings. In addition, the wife was granted $500 a month alimony; $250 a month child support for each of the two minor children and an automobile. The husband contends the awards of alimony and child support are excessive and that the trial court erred in failing to charge two requested instructions.

The husband is a dentist who opened his practice in Albany, Georgia, on July 1, 1970, following his discharge from the Army. There is no evidence in the transcript of the husband's 1970 income from his profession. However, his income derived from the practice of dentistry during 1971, 1972 and 1973, is shown by copies of the husband's income tax returns. They show the following:

| Year | Adjusted Gross | Net |
|------|----------------|-----|
| 1971 | $6,359.45 | $5,482.56 |
| 1972 | 22,056.69 | 17,308.45 |
| 1973 | 33,920.42 | 25,331.67 |

On January 1, 1974, the husband incorporated his

practice and was drawing a monthly salary of $2,150 at the time of trial. After taxes, this amounted to take-home pay of $1,545 per month. This monthly salary was set by the doctor and his accountant and corporation lawyer. In 1973, the dental practice grossed $86,311.43, but in 1974, it was earning approximately $10,000 less in gross earnings than the previous year. The husband testified that he estimated his 1974 salary before taxes would be approximately $25,800, and that he has no other income except from the practice of his profession.

At the time of trial, the husband's assets consisted of the following:

| Assets | Value |
| --- | --- |
| Home | $41,600.00 |
| Used Dental Equipment | ? |
| Motorcycle | 1,500.00 |
| Boat and Motor | 150.00 |
| 1/3 Interest 2 Mobile Homes | 200.00 |
| 1/2 Interest Mutual Fund | 27.00 |

Liabilities of the husband, shown at the time of trial, were as follows:

| Liabilities | Value |
| --- | --- |
| VA Loan on Home | $39,000.00 |
| Dental Equipment Notes | 39,301.00 |
| Motorcycle Note | 1,300.00 |
| Business Venture Note | 2,600.00 |
| Educational Loan Note | 4,200.00 |
| | $86,817.64 |

The wife testified that she and the two children needed a total of $1,293.19 a month and she itemized the various expenses included in this total. These expenses included a monthly payment of $310.05 on the house mortgage. She also testified that these figures represented their standard of living during the marriage and that it was not feasible for her to work at this time because the minor children needed her. The wife has a college education and previously had earned approximately $450 per month while the husband attended dental school and worked part-time.

The jury's award was large, but it was not excessive as a matter of law under the evidence in this case. This

court is reluctant to set aside alimony and child support awards of a jury as excessive unless it clearly appears they are substantially disproportionate to the necessities of the wife and children or to the husband's ability to pay. Cf. *McDonald v. McDonald,* 230 Ga. 674 (198 SE2d 656).

The husband also enumerates as error the failure of the trial court to charge the jury as follows: "It is a well established principle of law in this state that the jury is not authorized to consider the misconduct of either the wife or the husband in a suit for alimony in determining the amount of alimony, if any, to be awarded to the wife. Alimony is never for the purpose of penalizing the wife or the husband for her or his misconduct. The rule that the greater the wrongs inflicted on the wife by the husband, the more liberal the award of alimony should be does not state the rule applicable in this state."

The trial court instructed the jury "that none of the alimony statutes . . . declare that alimony must or shall be granted to the wife in any case," and alimony, if granted, should never be excessive. The jury was also instructed that alimony is "never for the purpose of penalizing the husband or the wife for his or her misconduct." Since the principles of law embodied in the husband's request were included in the charge given, we find no error in this enumeration. See, *McCurry v. McCurry,* 223 Ga. 334, 335 (155 SE2d 378).

A final enumeration of error is addressed to the trial court's failure to give the following charge, also requested by the husband: "I further charge you, that the law does not contemplate an award of alimony to the defendant which would be sufficient to allow her to retire. If you find from the evidence that the defendant is able to contribute toward her own support, the law would expect her to do so and not to sit down and hold her hands and depend exclusively upon the labor of the plaintiff, and the income from his estate, if any he has, to support her in idleness. In this connection, I charge you that you should look to all of the evidence regarding the estate of the defendant, if any she has, and whether she is, from her circumstances, in a category where she should be required to work or should not be required to work. In making an award of alimony, the controlling point is a fair amount for the support and

maintenance of the defendant and minor children taking into consideration the rules of human experiences, the age, health, income, earning ability, the capacity of the husband to labor, his debts and obligations, if any."

Most of this requested charge was covered in substance by the trial court in its regular instructions to the jury. The first portion of the instruction requested by the husband, stating in effect that the wife must contribute to her own support if she can, was not adjusted to the pleadings and evidence in this case. The cases of *McCartney v. McCartney*, 217 Ga. 200 (3) (121 SE2d 785), and *Gardner v. Gardner*, 54 Ga. 560, do not require a different result. Consequently, the trial court did not err in declining to give the entirety of this charge as contended by the husband. See *Wills v. Wills*, 215 Ga. 556 (3, 4) (111 SE2d 355).

*Judgment affirmed. All the Justices concur.*

Submitted February 17, 1975 — Decided March 4, 1975.

*Sara L. Hitchcock,* for appellant.
*Black & Black, Eugene C. Black,* for appellee.