## 29955. WARNER v. WARNER.

GUNTER, Justice.

This is an appeal from a judgment, entered upon a jury verdict, that required the appellant to pay alimony and child support.

The one enumerated error is as follows: "Clinton Warner, appellant, files this his appeal to this Court enumerating as error the verdict of the jury on February 1, 1973, awarding appellee the sum of $1650 monthly as permanent alimony and the judgment and decree of the court as entered on the verdict, by the Honorable Jeptha C. Tanksley, on February 7, 1973; and the verdict and judgment of the court awarding $300 monthly as child support with appellant being made responsible for the complete education of the child (R-47-49) and the overruling of appellant's motion for a new trial on December 20, 1974 (R-50-51)."

The appellant argues that the amounts awarded were excessive. We have reviewed the evidence in the record and we find this contention to be without merit.

Appellant argues that the appellee was not entitled to alimony as a matter of law because of her violent conduct toward him, including an incident in which he alleges she fired a pistol at him. The evidence shows an unharmonious marital relationship which included the firing of a pistol on one occasion. The facts surrounding the pistol incident were disputed by the parties. Appellant argues that the appellee's conduct amounted to an abandonment without just cause. The issue of abandonment was not raised in the trial court. The case was tried by both parties on the issue of cruel treatment, and the jury found in favor of the appellant on that issue. "Under the statutes of this state, when a husband obtains a divorce from his wife upon the ground of cruel treatment, it is for the jury to say whether they will allow the divorced wife permanent alimony." *Corr v. Corr*, 213 Ga. 699 (100 SE2d 922) (1957); *Byers v. Byers*, 225 Ga. 263 (167 SE2d 640) (1969). The evidence in this case did not preclude an award of alimony in favor of the appellee.

The appellant also argues that a new trial should be granted because of alleged prejudice flowing from two

incidents that occurred during the trial. These incidents were not prejudicial, and this contention is wholly without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1975 — DECIDED JULY 10, 1975.

*W. M. Mathews, Jr.,* for appellant.
*Beryl H. Weiner, John R. Strother, Jr.,* for appellee.