30427, 30428. HODGES v. HODGES; and vice versa.

HILL, Justice.

Although this case involves application of well-established rules of law, it arises as a consequence of *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974), in which a majority of this court held that where both husband and wife acknowledge that their marriage is irretrievably broken, the court may grant a divorce without submitting that question to the jury. In this case both husband and wife appeal from an order granting attorney fees to the wife following a divorce granted by the court.

The husband sued for divorce. His wife answered and counterclaimed. On January 10, 1975, she was awarded temporary alimony, custody of the children, and attorney fees of $100. The case came for trial on March 24, 1975. The trial judge determined that both parties had admitted that the marriage was irretrievably broken. Although it does not appear in the record, both parties agree that a "divorce" was granted orally prior to the striking of the jury. Only the issues of alimony and child support were submitted to the jury.

At the end of the charge to the jury, counsel for the parties stipulated as follows: "By [wife's counsel]: Your Honor, [husband's counsel] and I have stipulated on the issue of attorney's fees that that matter will be referred to the Court at some future time; that we will simply reserve our right without the formality of going through a court order, or the introduction of any evidence, and we will submit our motion by way of letter, with reasonable time for him to reply, and the court will rule on it in that fashion. . . By [husband's counsel]: That is fine with counsel."

On March 26, 1975, the wife moved for attorney fees of $3,500. On April 11, 1975, the jury verdict was made the judgment of the court and the written divorce decree was rendered. On July 2, 1975, reciting that the matter

had been preserved by stipulation the trial judge ordered attorney fees of $1,750. The husband appeals from this order and the wife cross appeals.

1. The husband contends that the trial court had no jurisdiction to grant an allowance for attorney fees after the marital relationship had been terminated by a divorce. He contends that the judge's oral announcement granted the parties a divorce before the striking of the jury and that the marital relationship was then terminated.

Citing *Clark v. Clark*, 213 Ga. 342 (99 SE2d 127) (1957), the husband argues that a trial court has no jurisdiction to entertain a motion for and grant an allowance for expenses of litigation (attorney fees) after the marital relation between the parties has been dissolved by a divorce verdict.

The husband acknowledges the exception to the rule, urged by the wife, that where application for attorney fees has been made before the entry of the verdict, the court may reserve jurisdiction until after verdict. See *Luke v. Luke,* 159 Ga. 551 (1) (126 SE 374) (1925). The husband seeks to distinguish *Luke* on the basis that although the parties stipulated, the court did not "reserve."

The husband contends alternatively that although the stipulation enabled the wife to move for attorney fees at a later date, it did not affect his right to object that the court was without jurisdiction to award attorney fees following the oral pronouncement of divorce; i.e., did not affect his right to object to the award of attorney fees even at time the stipulation was announced.

We disagree with the husband's contentions on all points. First, a judge's oral announcement granting a divorce is not a divorce; i.e., is not a dissolution of the marriage. No spouse should remarry based upon an oral divorce. An oral divorce is no more valid than a marriage ceremony performed by a motel desk clerk. "What the judge orally declares is no judgment until it has been put in writing and entered as such." *Hutcheson v. Hutcheson,* 197 Ga. 603, 604 (30 SE2d 107) (1944), and cits. Thus, the trial court lost no jurisdiction to grant attorney fees upon his oral announcement that the marriage had been terminated by divorce because there was no divorce in this

case until it was put in writing and entered on April 11, 1975.

Second, *Clark v. Clark,* supra, relied upon by the husband is inapplicable here because there has been no "verdict" of divorce by a jury. Third, the parties stipulated that the matter of attorney fees was reserved, and thus the exception to the rule stated in *Luke v. Luke,* supra, is applicable here.

Fourth, a trial court is entitled to rely upon the stipulation of the parties entered into by their counsel without expressly approving it. Finally, where counsel enter into a stipulation that has the effect of reserving the jurisdiction of the trial court, any ground of objection then available that the court is without jurisdiction is waived by the stipulation.

We therefore find no merit to the husband's enumeration of error.

2. The wife cross appeals contending that the trial judge abused his discretion by awarding only $1,750 in attorney fees rather than $3,500 as she had requested.

The allowance of attorney fees should be sufficient to insure proper legal representation for the wife, but the exercise of sound legal discretion in determining the allowance will not be disturbed. *Veal v. Veal,* 226 Ga. 285 (3) (174 SE2d 435) (1970); *Childs v. Childs,* 203 Ga. 9 (45 SE2d 418) (1947); Code Ann. § 30-203.

The wife argues that the legal services rendered by her counsel were considerable, largely due to the husband's refusal to cooperate, and that the husband is able to pay the fair and reasonable cost for such services.

The trial judge was well aware of the services rendered by the wife's counsel and he had heard the evidence at the trial on the ability of the husband to pay. We cannot find on this record that the trial judge abused his discretion in granting an award of $1,750.

3. The wife seeks an award from this court pursuant to Code Ann. § 6-1801 which provides that "Ten per cent. damages may be awarded by the appellate court upon any judgment for a sum certain, which has been affirmed, when in their opinion, the cause was taken up for delay only, and it shall be so entered in the remittitur."

Code Ann. § 6-1801 contains two requirements: that

the judgment be for a sum certain, and that this court find that the appeal was taken for delay only. Here the judgment appealed by the husband is a sum certain, to wit: $1,750. Moveover, we find that the husband's appeal was taken for the purpose of delay only.

We therefore direct that the clerk enter ten percent damages upon the remittitur.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents, and Undercofler, P. J., and Jordan, J., who dissent from Division 3.*

SUBMITTED OCTOBER 7, 1975 — DECIDED JANUARY 8, 1976.

*Donald L. Lamberth,* for appellant.
*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Kice H. Stone, Randall C. Sorenson,* for appellee.