### 31079. REA v. REA.

HALL, Justice.

The sole question presented on this appeal from a divorce and alimony judgment entered by the trial court sitting by stipulation without a jury, is the claimed excessiveness of the permanent alimony award. We have reviewed the record, and conclude that the court did not abuse its discretion in making the challenged award. See *Warner v. Warner,* 234 Ga. 757 (218 SE2d 29) (1975); *Thomas v. Thomas,* 233 Ga. 916 (213 SE2d 877) (1975); *Knighton v. Knighton,* 230 Ga. 506 (197 SE2d 726) (1973); *Brock v. Brock,* 228 Ga. 500 (186 SE2d 537) (1972).

Appellee's motions to dismiss the appeal, and for ten percent damages under Code Ann. § 6-1801, are denied.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents as to the denial of damages under*

*Code Ann. § 6-1801.*

ARGUED MAY 10, 1976 — DECIDED JUNE 8, 1976.

*George P. Wright,* for appellant.
*Benjamin Zeesman,* for appellee.

HILL, Justice, dissenting.

I dissent as to the denial of damages under Code Ann. § 6-1801. See also *Crosby v. Greene,* 237 Ga. 56 (1976).

The sole question presented on this appeal is the alleged excessiveness of the permanent alimony award. By final decree entered October 3, 1975, the wife was awarded the residence of the parties and the premises on which it was located, on which there was a deed to secure debt with an approximate balance due of $37,500, the husband to make the monthly payments of $271.88 plus interest for the months of August, September and October, 1975, and the wife to make the payments thereafter. The husband was ordered to pay $300 insurance premium on the home. The wife was also awarded $500 attorney fees (as to which no complaint is made upon this appeal).

The trial judge was authorized from the evidence to find that the husband owned his own business from which he received from $21,000 to $31,000 per year for each of the four taxable years prior to the decree. He carried large sums in cash, owned an airplane and owned rental property which he was holding as an investment for development into a commercial site.

Following entry of the divorce decree and alimony award, the husband filed a motion for new trial on the general grounds and an appraisal showing the residence to have a value, according to the appraiser, of $76,000. From this appraisal the husband argues that the wife was awarded $38,000 in equity in the home and that this amount was excessive.

The filing of the motion for new trial and this appeal have delayed the effectiveness of the decree of divorce and award of permanent alimony. The wife urges that the

motivation behind this appeal is the hope that she will lose the home due to foreclosure. The husband contends that (although the wife was awarded property having a value of $38,000) the property award was not a "sum certain" so as to qualify for damages under Code Ann. § 6-1801. That leaves the $500 attorney fee, the $300 insurance premium and $815.64 for three monthly payments on principal, for a total of $1,615.64, which clearly is a sum certain.

The majority of the court has quickly affirmed the alimony award. It has denied damages under Code Ann. § 6-1801 even more rapidly. That section provides: "Ten per cent. damages may be awarded by the appellate court upon any judgment for a sum certain, which has been affirmed, when in their opinion, the cause was taken up for delay only, and it shall be so entered in the remittitur."

According to the annotations under Code Ann. § 6-1801, with the exception of *Hodges v. Hodges,* 235 Ga. 848 (221 SE2d 597) (1976), this court has not allowed damages for delay since the last century. Prior to *Hodges,* the last case awarding damages for delay appears to have been *Harrell v. Davis,* 108 Ga. 789 (4) (33 SE 852), decided in 1899. *Hodges v. Hodges,* supra, must therefore be considered unique in the 20th century.

The Code section in question provides that damages "may" be awarded. For this court to refuse in proper cases to award damages for delay is an abuse of discretion by this court, and appellate judges are subject, in my view, to the same rules regarding abuse of discretion (in those areas in which we have discretion) as are the trial judges whose decisions we review.

Although I have not been 100% successful, I have endeavored to set forth my views (or join another writer) in each case coming before this court in which I disagreed with or could not join the majority opinion. I believe that the bench, bar, parties and public are entitled to know the reasons why a decision is not unanimous. However, writing dissenting and concurring opinions is time-consuming and the workload of this court is such that time is precious.

Therefore, I will not be able to write a dissent in every case in which this court refuses to accept its responsibility

under Code Ann. § 6-1801. Suffice it to say that it appears to me that the court has effectively stricken that section from the Code.

Trial judges are required to enter findings of fact and conclusions of law. See Code Ann. § 81A-152. Yet this court denies appellee's motion for damages in this case with neither findings nor conclusions, stating just the result. In my view, the appellee in this case is entitled to a statement by this court that because of certain specified facts we find that this appeal had arguable merit and therefore was not taken for purposes of delay only.

I therefore dissent.