## 31583. FENTERS v. FENTERS.

HILL, Justice.

Mrs. Taylor W. Fenters appeals the trial court's order awarding attorney fees to her in a divorce action.

Raymond D. Fenters filed suit for divorce in early 1975 in Clayton Superior Court. His wife hired an attorney and then a second attorney when her first attorney became ill. After seven continuances obtained by the wife, the parties entered into a settlement agreement in early 1976 which was made the final judgment, except that by stipulation the amount of attorney fees to be awarded the wife's counsel was reserved for adjudication by the court. It was stipulated that the attorney fees matter would be submitted to the court on affidavits by counsel as to work performed, hours expended and fair

value of services.

The wife's attorneys presented itemized affidavits showing over 80 hours expended and claiming fees in excess of $4,000. Counsel for the wife also tendered the deposition of the husband to the court to show his financial position. In the husband's response he urged that the case did not warrant attorney fees for the wife in excess of $1,000 because the final settlement was so near the initial offer.

The court did not consider the husband's deposition because it was not included in the stipulation of the parties. The court awarded the wife $1,000 as attorney fees, less any sum previously paid by either the husband or the wife to her attorneys. The wife appeals.

1. Counsel for the wife contend that the court erred in not considering the husband's deposition because it shows his ability to pay attorney fees. Here the parties carefully stipulated what would be submitted to the court for determination of attorney fees, and by that stipulation counsel for the wife limited themselves to showing their work and its reasonable value. The court reduced the amount of attorney fees sought from $4,000 to $1,000 based upon its findings as to the value of the services rendered, not because of the husband's inability to pay. Under the facts of this case, the court did not commit error in not considering the husband's deposition.

2. The wife also contends that the court abused its discretion by awarding only $1,000 as attorney fees where she had requested over $4,000.

A husband is liable for the reasonable value of the wife's necessaries, including legal services, during the course of divorce proceedings. *Bennett v. Bennett,* 157 Ga. 848 (122 SE 616) (1924); *Cason v. Cason,* 158 Ga. 395 (123 SE 713) (1924). However, a husband is liable only for the wife's necessary legal services, not unnecessary legal services. *Bennett v. Bennett,* supra.

Here the trial judge found as a fact that the husband's complaint set forth the jointly and separately owned property and asked for equal division of the jointly owned property, and found that the settlement ultimately agreed upon was substantially what the husband had proposed in his original complaint. Affidavits of the wife's

attorneys showed that the settlement was negotiated and prepared in about 5 of the 80 hours expended. Under these circumstances we cannot find that the trial court abused its discretion in determining the amount of attorney fees. *Hodges v. Hodges,* 235 Ga. 848 (2) (221 SE2d 597) (1976); *Veal v. Veal,* 226 Ga. 285 (3) (174 SE2d 435) (1970).

3. The wife urges that settlement negotiations are privileged communications and inadmissible in evidence and that the trial court erred in considering the settlement in determining the award of attorney fees. We disagree. While it undoubtedly is true that evidence as to settlement negotiations ordinarily is inadmissible at a trial to determine the issue of liability (Code § 38-408; Agnor's Georgia Evidence, § 10-21 (1976)), after a divorce and alimony case has been settled by agreement (except as to attorney fees), the effort needed by counsel to reach such settlement is a matter which can be considered in determining the amount of attorney fees to be awarded. To hold otherwise would preclude attorneys representing wives in divorce actions from being compensated for settlement efforts and hence could deter peaceful resolution of domestic disputes.

The husband's willingness to pay alimony and to agree to a property settlement is relevant to the question of the wife's need for the extended services of an attorney, and evidence of such willingness is admissible when the court is determining the amount of attorney fees to be awarded.

4. A husband's obligation to pay attorney fees for his wife's attorneys cannot be satisfied by a payment by the wife to her attorneys. The order in issue here provided for the payment by the husband to the wife of $1,000 attorney fees, less any sum previously paid by the husband or the wife in connection with this case. To the extent that any amount paid by the wife to her attorneys is deducted from the $1,000 award, the order is in error. We direct the trial court to revise the order to eliminate the deduction for any sums paid by the wife.

*Judgment affirmed with direction. All the Justices concur.*

Submitted September 24, 1976 — Decided January 4, 1977.

*Paul C. Myers,* for appellant.
*Paul S. Weiner,* for appellee.