*Joseph S. Skelton, Johnson, Craig & Strauss, William Thomas Craig,* for appellee.

## 32487. JOHNSON v. JOHNSON,

JORDAN, Justice.

This is an appeal in a divorce case by a former husband from the grant of additional attorney fees to the former wife after the grant of a divorce on motion for

judgment on the pleadings. We will refer to the parties as husband and wife both before and after the divorce.

The wife filed her complaint for divorce on the ground of cruel treatment, and prayed for temporary and permanent alimony, specifically requesting attorney fees. The husband counterclaimed on the ground that the marriage was irretrievably broken. On June 30, 1976, the judge granted temporary alimony to the wife of $700 per month and $750 attorney fees "on account." On the same date in a "partial judgment and decree" the judge granted a divorce between the parties on motion for judgment on the pleadings. This judgment contained the following reservation: "All other issues including permanent alimony, support, expenses of litigation, attorneys fees and cost are hereby reserved for trial by the ultimate trier of facts."

On February 9, 1977, the judge signed an order reserving a ruling on the questions of attorney fees and expenses of litigation. On February 10, 1977, the jury returned a verdict for permanent alimony. On March 16, 1977, the judge held a hearing on attorney fees and expenses of litigation, and on the same date entered a final judgment on the verdict of the jury for permanent alimony and awarded additional attorney fees of $1,750 and $413.62 as expenses of litigation.

1. The husband contends that no right was reserved in the judge to determine the issue of attorney fees and expenses of litigation in that all issues were reserved for trial by "the ultimate trier of facts," and the ultimate trier of facts was the jury.

There is no merit in this contention. The reservation listed the remaining issues in the case. A reasonable construction of the reservation is that each issue was reserved for the trier of fact (whether judge or jury) as to that issue.

2. The main contention of the husband is that when a divorce was granted on the pleadings, the marriage relationship no longer existed between the parties, and the trial judge had no authority to grant attorney fees and expenses of litigation, which are a part of temporary alimony, even though he reserved this issue.

The husband recognizes the rule that where the

issues of divorce and permanent alimony are tried together, the application for attorney fees has been filed and the hearing held thereon prior to the final verdict and decree, and the judge has reserved judgment on the application, the award of attorney fees may be made after verdict. *Bradley v. Bradley,* 233 Ga. 83, 84 (1) (210 SE2d 1) (1974). It is asserted, however, that notwithstanding the reservation, the judge could not grant attorney fees for representation of the wife in her permanent alimony claim after the dissolution of the marriage by divorce.

The husband relies on *Harrison v. Harrison,* 208 Ga. 70 (2) (65 SE2d 173) (1951); *Thome v. Thome,* 218 Ga. 359 (127 SE2d 916) (1962); and *Truslow v. Truslow,* 230 Ga. 883 (199 SE2d 808) (1973), where it was held that attorney fees could not be awarded to a former wife whose marriage had been dissolved by a divorce decree valid on its face. In each of these cases the verdict and decree in the divorce and alimony case had become final, and the former wife was seeking to set aside the verdict and decree.

A different situation exists where a divorce has been granted by interlocutory order; the judge reserves the right to make an award of attorney fees, and makes such award in the final judgment.

In principle this case is controlled by *Brown v. Brown,* 224 Ga. 90 (160 SE2d 343) (1968), where it was held: "Temporary alimony, including attorney's fees and expenses of litigation, being a part of alimony may be granted so long as the question of alimony is pending before the trial court." In that case a previous appeal (222 Ga. 446 (150 SE2d 615)) had resulted in an affirmance of the divorce decree, but a reversal of the alimony judgment. While the case was pending for new trial on the question of alimony only, Mrs. Brown filed a petition for additional attorney fees. This court affirmed the award of these fees. See also *Twilley v. Twilley,* 195 Ga. 297 (24 SE2d 46) (1942); *George v. George,* 233 Ga. 637 (212 SE2d 813) (1975); *Neyhart v. Neyhart,* 238 Ga. 571 (234 SE2d 495) (1977); *Smith v. Smith,* 239 Ga. 38 (235 SE2d 526) (1977).

The trial judge did not err in granting additional attorney fees for representation of the wife in her alimony

claim after the grant of divorce by interlocutory decree.
*Judgment affirmed. All the Justices concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 8, 1977.

*Nagle & Johnston, Howard H. Johnston,* for appellant.
*Berger & Kessler, Michael A. Kessler, Charney K. Berger,* for appellee.