32571. ODOM v. ODOM.

HILL, Justice.

In this no-fault divorce case the jury returned a verdict on January 20, 1977, which provided that the

proceeds from the sale of two automobiles be divided between the parties. The wife enumerates as error the order overruling her motion for a new trial on the general grounds that the alimony award was not consistent with her needs or her husband's ability to pay.

The evidence presented at trial showed the following: the husband, age 31, had been a very successful major league baseball pitcher whose team played in three consecutive world series in 1972, '73 and '74; that the parties had maintained a luxurious life-style from 1972 to the time of separation in January, 1976, at which time the husband had virtually no assets; that since 1976 the husband's baseball career had been plagued by injuries to his pitching arm; that he had been sent to a minor league and his salary had decreased; that his continued employment in baseball was contingent upon his ability to perform; that he had been injured during the 1976 season; that outside of baseball, he had earned $3 an hour as a clerk in a liquor store; that he had made gifts during the marriage to his wife; that the wife owned an unrecorded one-half interest in a home with her sister; that the wife, age 28, had suffered a heart attack in June, 1976; and that the wife, while being hampered by her physical condition, early marriage and incomplete education, was not barred from sedentary employment.

There is no invariable requirement that the wife receive alimony in a no-fault divorce case. *Anderson v. Anderson,* 237 Ga. 886, 888 (230 SE2d 272) (1976). See *Aud v. Aud,* 199 Ga. 526 (1) (34 SE2d 655) (1945), and *Simmons v. Simmons,* 194 Ga. 649, 654-655 (22 SE2d 398). See also Ga. L. 1977, pp. 1253, 1256. The statement in *Lowry v. Lowry,* 238 Ga. 593, 594 (234 SE2d 509) (1977), that "If the wife receives any alimony, the award should be consistent with her needs and the husband's ability to pay" must be read in context with the facts of that case set forth in the sentence preceding. There the wife was awarded $1 a year as alimony, which annual amount was a mockery and consistent with neither her needs nor her husband's ability to pay.

In the case now before us we cannot find that the jury's decision was contrary to law or wholly without evidence to support it.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1977 — DECIDED
OCTOBER 18, 1977.

*Westmoreland, Patterson & Moseley, Stewart R. Brown,* for appellant.

*Mullis, Reynolds, Marshall & Horne, Gerald S. Mullis, Lorraine Andrews,* for appellee.