## 32820. HATCHETT v. HATCHETT.

HALL, Justice.

Appellant received a divorce on the pleadings, and at the trial of the remaining issues an agreement was reached on all issues except for the allowance of attorney fees for appellee. This agreement was made the order of the court, and this order reserved the issue of attorney fees for a later determination. Attorney fees have been awarded, and appellant appeals only this judgment.

The only argument made by appellant is that the trial court lacked jurisdiction to award attorney fees after entering a judgment disposing of all other issues, even though the trial court in its order reserved the issue for a later determination, and even though appellant agreed to this procedure in open court as part of the settlement of the other issues. This contention was clearly rejected in *Hodges v. Hodges,* 235 Ga. 848, 849 (221 SE2d 597) (1976). Appellant's attempts to distinguish *Hodges* are without merit. See also *Johnson v. Johnson,* 239 Ga. 637 (1977); *Smith v. Smith,* 239 Ga. 38 (235 SE2d 526) (1977); *Neyhart v. Neyhart,* 238 Ga. 571 (234 SE2d 495) (1977).

Appellee asks for damages under Code Ann. § 6-1801, contending this appeal was taken for delay only. The first requirement of that statute is that the judgment appealed is for a sum certain, and it is in this case ($4,100). The key question is whether we conclude that the appeal was taken for delay only. *Pinkerton & Laws Co. v. Robert & Co. Assoc.,* 129 Ga. App. 881 (201 SE2d 654) (1973); *Federated Ins. Group v. Pitts,* 118 Ga. App. 356 (163 SE2d 841) (1968). The *Hodges* case clearly settled the only issue argued by appellants in this case. There has been no suggestion by this court that *Hodges* is incorrect, and appellant does not challenge the validity of that holding.

There was no valid reason to anticipate reversal of the judgment below, and for this reason we must conclude that the appeal was brought for delay only. The appellee is awarded ten percent damages under Code § 6-1801.

*Judgment affirmed with damages. All the Justices concur, except Jordan and Bowles, JJ., who concur in the judgment only.*

104

SUBMITTED SEPTEMBER 30, 1977 — DECIDED OCTOBER 20, 1977 — REHEARING DENIED NOVEMBER 1, 1977.

*Howard P. Wallace,* for appellant.
*Carlisle & Newton, John R. Carlisle, Richard Milam,* for appellee.