### 33422. ODOM v. ODOM.

BOWLES, Justice.

This is an appeal from an order of the Superior Court of Bibb County which awarded the appellee $600 in attorney fees.

Appellee-wife filed an action for divorce against the appellant-husband. A divorce was granted the parties on grounds that the marriage was irretrievably broken, however, the issues of alimony and support were reserved for jury trial. Prior to the jury's verdict, the trial court entered an order reserving the right to set attorney fees for the wife at a later date. Thereafter the jury returned a verdict awarding permanent alimony which, on January 21, 1977, was made the judgment of the trial court.

The appellee-wife appealed the award of permanent alimony and, on October 18, 1977, in *Odom v. Odom,* 239 Ga. 830 (239 SE2d 20) (1977), the judgment was affirmed. The remittitur from this court was *filed* in the superior court on November 17, 1977. On November 23, 1977, a hearing was held on appellee's application for attorney fees and, on that same date, an order awarding the appellee-wife attorney fees was entered. On December 2, 1977, the remittitur from this court in *Odom v. Odom,* supra, was entered in the minutes of the superior court and the judgment of this court made the judgment of the superior court.

The sole issue before this court is whether the trial court erred in awarding the appellee-wife attorney fees after an appeal had been taken from the trial court's judgment awarding permanent alimony, that judgment affirmed on appeal, and the remittitur from this court *filed* in the superior court. *Held:*

In a divorce and alimony case, the trial court has jurisdiction to award attorney fees after entering a judgment disposing of all other issues in the case provided the issue of attorney fees has been properly reserved by prior order. *Hatchett v. Hatchett,* 240 Ga. 103 (239 SE2d 512) (1977); *Johnson v. Johnson,* 239 Ga. 637 (238 SE2d 425) (1977); *McCurry v. McCurry,* 223 Ga. 334 (155 SE2d 378) (1967); *Crute v. Crute,* 208 Ga. 724 (69 SE2d 255) (1952); *Luke v. Luke,* 159 Ga. 551 (126 SE 374) (1924).

The appellant contends that although the trial court properly reserved the issue of attorney fees the court was thereafter divested of its right to enter further orders in the case subsequent to the *filing* of the remittitur from this court of the appeal in the main case. We disagree.

The appellant cites *Bird v. Riggs,* 210 Ga. 297 (79

SE2d 803) (1954), and similar cases in support of his contention. These cases, however, are not domestic relations cases wherein the issue of attorney fees has been properly reserved by prior order of the court, and, for this reason, are distinguishable.

Our Appellate Practice Act (Ga. L. 1965, p. 18) authorizes appeals from judgments and rulings of the superior court, "[W]here the judgment is final—that is to say—where the cause is *no longer pending in the court below.*" (Emphasis supplied.) Code Ann. § 6-701 (a) 1. In addition thereto, the Act authorizes appeals "from all judgments or orders granting or refusing to grant applications for alimony, *either temporary or permanent.*" (Emphasis supplied.) Code Ann. § 6-701 (a) 3.

In the previous appearance of this case, *Odom v. Odom,* 239 Ga. 830 (239 SE2d 20) (1977), the wife appealed from the trial court's judgment awarding permanent alimony. That appeal was authorized under the provisions of Code Ann. § 6-701 (a) 3, above. Since the trial court properly reserved the issue of attorney fees prior to the court's judgment awarding permanent alimony there was no final judgment in the case since the issue of attorney fees was still pending in the court below. Therefore, although the award of permanent alimony had been appealed to this court, affirmed on appeal, and the remittitur sent down and entered on the minutes of the court below, there was no final judgment in the case until the trial court entered the previously reserved award of attorney fees. See *Shell v. Shell,* 240 Ga. 865 (242 SE2d 626) (1977).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 10, 1978 — DECIDED JUNE 28, 1978.

*Mullis, Reynolds, Marshall & Horne, Gerald S. Mullis, William D. Acey,* for appellant.

*Westmoreland, Patterson & Moseley, Stewart R. Brown,* for appellee.