67297. KELCO ROOFING COMPANY, INC. v. TRI-D ROOFING & SHEET METAL COMPANY, INC.

SOGNIER, Judge.

Tri-D Roofing and Sheet Metal Company (Tri-D) brought this action to domesticate a South Carolina judgment against Kelco Roofing Company (Kelco). The South Carolina judgment was for $12,594.20, of which Kelco's surety paid $4,120, the amount representing the award of attorney fees. In the instant action, the trial court granted Tri-D's motion for summary judgment, awarding it $8,339.95, the balance remaining on the foreign judgment. Kelco appeals.

1. Appellant first contends that the trial court erred in granting summary judgment in favor of appellee because the Internal Revenue Service, and not appellee, was the proper party to bring the instant action. Appellant was notified of a federal tax lien against appellee by a notice of levy ordering appellant to pay any sums it owed appellee to the IRS. Appellant argues that by operation of the notice of levy, the property interest in the South Carolina judgment transferred from appellee to the federal government, making the latter the proper party to pursue domestication in the Georgia courts.

We find appellant's argument to be fallacious. While it is true that the notice of levy gives the federal government the right to receive the judgment proceeds, United States v. Eiland, 223 F2d 118, 120 (4th Cir. 1955), and thereby confers a beneficial interest in those proceeds, the legal title to the judgment remains with the owner of the judgment (appellee), as does the right of enforcement. Ultimate collection of the judgment enures to the benefit of the taxpayer/owner

thereof (appellee) because payment to the federal government by the judgment debtor (appellant) satisfies a debt owed by the taxpayer/owner to the government.

As appellant points out, payment to the federal government pursuant to the levy and notice is a complete defense to the debtor (appellant) against any action brought against it on the debt. Eiland, supra, 121-122. However, appellant has not paid the government. If this course seemed perilous and left appellant exposed to double liability, the remedy of interpleader was available. OCGA §§ 9-11-22; 23-3-90. As appellant failed to pursue either of these two courses, we can but find that it was due solely to its resistance of a claim well-litigated.

2. Appellant also contends that the trial court erred by domesticating the South Carolina judgment without including in the domestication order a provision staying levy and execution of the judgment lien. Appellant asserts that appellee was precluded by order of the South Carolina court from levy and execution on the judgment and in support of this defense filed certified copies of several orders of that court issued in an ancillary suit. Taking cognizance of these, we find no support for appellant's contention.

After judgment was rendered against it in the South Carolina judgment which is the subject of the instant appeal, Kelco filed an action in South Carolina against Tri-D for the return of an item of equipment Tri-D had retained on a mechanic's lien. As part of this action, Kelco apparently sought a prejudgment attachment of the judgment proceeds due and payable to Tri-D on the earlier judgment, which were held by Kelco's surety. Pending hearing on this matter, the South Carolina court issued an order dated May 17, 1982, ordering Kelco's surety to withhold payment to Tri-D of the judgment proceeds. A subsequent order dated June 28, 1982, restrained and enjoined Tri-D from levy and execution on the judgment lien against Kelco or its surety until a final ruling as to Kelco's right of attachment. The court later denied Kelco's prayer for a writ of attachment in an order dated July 27, 1982, and Kelco appealed. The South Carolina court subsequently ruled in an order dated September 7, 1982, as follows: (1) the effect of Kelco's appeal from the July 27, 1982 order denying a writ of attachment was to automatically stay the effect of that order; (2) as a result of the automatic stay of the July 27, 1982 order, the original restraining order of May 17, 1982 remained in effect pending Kelco's appeal.

Appellant-Kelco relies upon the June 28, 1982 order in asserting that levy and execution were stayed, yet the terms of that order provide for its automatic termination: "The Defendants are hereby restrained and enjoined from leving (sic) and (sic) execution concerning the above mentioned judgment lien *until such time as a final ruling*

*be made concerning the Plaintiff's right to attachement* [sic]." (Emphasis supplied.) Such final ruling by the trial court was made in an order dated July 27, 1982. The only order remaining in effect upon Kelco's appeal, the May 17, 1982 order, restrained Kelco's surety from paying any judgment proceeds to Tri-D, but did not prohibit Tri-D from taking action to enforce the judgment against Kelco. Thus, there is no basis in fact for Kelco's contention of error.

3. Appellee asks for damages under OCGA § 5-6-6. We find appellant's arguments on appeal to be "palpably without merit." *Great Atlantic &c. Co. v. Burgess*, 157 Ga. App. 632 (278 SE2d 174) (1981). There was no valid reason to anticipate reversal of the judgment below and we must conclude that the appeal was for the purpose of delay only. Accordingly, appellee is awarded ten percent damages under OCGA § 5-6-6. *Hatchett v. Hatchett*, 240 Ga. 103 (239 SE2d 512) (1977); *Hanover Ins. Co. v. Scruggs Co.*, 162 Ga. App. 640 (292 SE2d 493) (1982).

*Judgment affirmed with damages. Quillian, P. J., and Pope, J., concur.*

DECIDED MARCH 7, 1984.

*Larry S. McReynolds, Michael Welch*, for appellant.
*Michael E. Utley*, for appellee.